ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY, a corporation,
Plaintiff,

v.

F. H. KING, Administrator of the Estate
of Margaret Stack, Deceased,
Defendant.

Civ. No. 68–338.

United States District Court
W. D. Oklahoma.

Dec. 30, 1968.

See also D.C., 45 F.R.D. 519.

## ORDER

DAUGHERTY, District Judge.

Defendant herein has propounded to the Plaintiff certain Interrogatories to which the Plaintiff generally and specifically objects. Plaintiff's general objection is to Defendant's request that the Interrogatories be considered as continuing from the date they were filed until the time of trial. Plaintiff's specific objections are to (1) disclosure of the names, addresses, etc. of all persons "known to the Plaintiff who have been interviewed or contacted concerning the issues in this controversy," (2) the same information as to all persons whom the Plaintiff intends to call as witnesses, and (3) Defendant's inquiry of Plaintiff whether it will permit inspection and copying of statements obtained by its investigators as well as of exhibits which Plaintiff intends to offer in support of its Complaint.

With respect to continuing interrogatories, most of the reported cases which allow it have arisen in the Eastern District of Pennsylvania, where a local rule of that court may have materially assist-

ed in the adoption of the practice there.[1] For some reason, this question has not caused much judicial comment outside the Pennsylvania District Courts. The few reported cases disclose judicial reaction varying from refusing any continuing interrogatories [2] to allowing them under conditions of necessity [3] to permitting them only in respect of identity and location of persons with knowledge of relevant facts and of persons expected to be called as expert witnesses.[4] There apparently has been no reported consideration of the question by the courts of the Tenth Circuit.

Rule 33, F.R.Civ.P., 28 U.S.C.A., sets definite time limits within which a party must answer or object to interrogatories. It is upon expiration of these time limits that a party may request the extraordinary sanctions of Rule 37. The date on which a party is in default is thus a matter of record and is not disputable.

If interrogatories are continuing, the Court is subjected to the possibility of numerous evidentiary hearings, both before and during trial, to determine whether, in fact, a party failed to supply the opposing party with a fact brought to light or testified to within fifteen days from the time it first came into his possession. This is a time consuming and undesirable result. Such a procedure is to burden the Court with onerous proceedings that should be shouldered by the parties themselves. The discovery processes were intended to be self-executing, and the rules have been purposely drawn to leave their effectuation in the hands of the parties. Under ordinary circumstances, where both parties faithfully observe the Rules, there is no need to trouble the Court and many cases proceed to trial without judicial intervention in the discovery process.

Where interrogatories are not continuing, any controversy about or dissatisfaction with answers given may be raised by objections and may usually be resolved on the parties' briefs without the necessity of a formal hearing. Likewise, there are no future consequences, as there might be where a party fails or neglects to file supplemental answers prior to trial.[5]

Each party to a case has the affirmative duty to prepare his own case, consistent with the Federal Rules of Civil Procedure. It is the Court's opinion that to allow continuing interrogatories will impose an intolerable burden on the Court's administration of judicial business. The answer to any argument in support of continuing interrogatories is that if any party feels that he needs or there may be additional information developed prior to trial, Rule 33 is always open to him. The Rules do not provide more; the Court, by judicial fiat, should not so extend them. The Court, therefore, takes the view that continuing interrogatories will not be permitted.

With respect to Plaintiff's specific objections, the first objection relates to Interrogatory 1(a) which asks for the names, addresses, etc. of persons interviewed or contacted by the Plaintiff. It is asserted that this interroga-

1. These cases, and the matter generally, are discussed in 2A Federal Practice & Procedure (Barron and Holtzoff-Wright Edition) § 777.1, pp. 388–389 and 4 Moore's Federal Practice (Second Edition) § 33.25 [4], pp. 2400–2403.

2. Gorsha v. Commercial Transport Corp., 38 F.R.D. 188 (La.1955). The court considered controlling the fact that, short of abuse of the privilege, there were no limits on the number of interrogatories that may be served under Rule 33, F.R. Civ.P., 28 U.S.C.A.

3. Novick v. Penna. R. R. Co., 18 F.R.D. 296 (WD Pa.1955).

4. Diversified Products Corp. v. Sports Center Co., 42 F.R.D. 3 (Md.1967).

5. The consequences appear in Taggart v. Vermont Transp. Co., 32 F.R.D. 587 (ED Pa.1963), and Abbatemarco v. Colton, 31 N.J.Super. 181, 106 A.2d 12 (N.J.Super.1954). In the latter case, a new trial was necessary.

tory is too broad in scope and is oppressive. Rule 26(b) allows discovery of " * * * the identity and location of persons having knowledge of relevant facts." As the interrogatory requires more than the Rule allows, Plaintiff's objections will be sustained to the extent that Plaintiff need answer only with respect to persons interviewed or contacted by it who have knowledge of relevant facts. Plaintiff's next objection relates to Interrogatory 1(b), which has as its purpose the discovery of the names of persons whom the Plaintiff intends to call at trial as witnesses. Plaintiff has heretofore given the Defendant the names of persons from whom it has obtained statements. If Defendant learns which ones will be called as witnesses, he can dispense with interviewing the others, probably saving considerable time and expense. Generally, discovery of this information is not permitted. 2A Federal Practice & Procedure (Barron and Holtzoff-Wright Edition), § 650, p. 93. The reasons, both in favor of and against discovering the names of trial witnesses is extensively discussed in 4 Moore's Federal Practice (Second Edition), § 26.19[4], pp. 1247–1256. It has been the practice of this Court to allow the exchange of names of trial witnesses as early as pretrial. At least, by that time, discovery processes are usually complete and the case is presumably ready for trial. Prior to pretrial, and while discovery is in full swing, the persons who will be called at trial usually are not known with reasonable certainty. The Court is of the opinion that pretrial is early enough in time for the discovery of names of potential witnesses at trial and Plaintiff's objection in this regard is sustained. With respect to Plaintiff's last objection to Interrogatories 4 and 6, where Defendant inquires if Plaintiff will allow Defendant to inspect and copy statements, exhibits, etc. Plaintiff's objection is overruled, inasmuch as the only answer required is "yes" or "no".

Defendant's request that the Interrogatories be deemed continuing to the date of trial is denied and Plaintiff's objection thereto is sustained. Plaintiff's objection to Interrogatory 1(a) is sustained to the extent indicated in this Order, above, Plaintiff's objection to Interrogatory 1(b) is sustained, and Plaintiff's objections to Interrogatories 4 and 6 are overruled. Plaintiff shall answer, to the extent indicated, Defendant's Interrogatories 1(b), 4 and 6 within ten (10) days from the date hereof.