[Civ. No. 24356. First Dist., Div. One. Jan. 8, 1969.]

NORA RYAN, as Administratrix, etc., Plaintiff and Appellant, v. CLARK EQUIPMENT COMPANY, Defendant and Respondent.

William J. Connolly, W. Urie Walsh and Anthony F. Dragonette for Plaintiff and Appellant.

Bronson, Bronson & McKinnon, Paul H. Cyril and Edwin L. Currey, Jr., for Defendant and Respondent.

MOLINARI, P. J.—In this wrongful death action, plaintiff appeals from a summary judgment in favor of defendant. Plaintiff is administratrix of the estate of Thomas G. Ryan, deceased, and she is also his surviving spouse. The question presented is whether the trial court was correct in applying

the monetary limitations of the Oregon Wrongful Death Act in such a way as to bar any recovery to plaintiff in this case. We have concluded that the controlling law was correctly chosen and applied by the trial court.

On October 25, 1960, in Lane County, Oregon, plaintiff's decedent was killed while operating a Michigan front-end loader in the course of his employment with the Green Construction Company and the Tecon Corporation. Following his death plaintiff received a total of $35,000 ($26,000 for herself; $5,000 for one minor daughter; $4,000 for the other minor daughter) from decedent's two employers in settlement of her rights under the Employer's Liability Act of the State of Oregon. On October 20, 1961, in exchange for the $35,000 received, plaintiff executed covenants not to sue the employers on behalf of herself and her daughters. Thereafter, on October 23, 1961, plaintiff filed this suit against defendant, the manufacturer of the Michigan front-end loader which plaintiff's decedent was operating at the time of his death, alleging negligence in design and manufacture and breach of warranty. Decedent, plaintiff and both children were residents of Oregon on the date of the fatal accident, and plaintiff and her daughters presently retain their residence in Oregon. Defendant is a Michigan corporation doing business in California. At the time of decedent's death and at the time this action was filed, the Oregon statute limited recovery for wrongful death to $20,000.[1] (Ore. Rev. Stat., § 30.020.)

Defendant moved for summary judgment on the ground that under the law of Oregon the $35,000 received by plaintiff would be a setoff to the $20,000 wrongful death limitation, and consequently any possible recovery would be extinguished and any award of damages would be impossible. The court ruled (1) that Oregon law governed the case; (2) that plaintiff made a settlement in the amount of $35,000 for herself and her daughters under the Oregon Employer's Liability Act; (3) that settlement with a joint tortfeasor under the Employer's Liability Act may be set off against any claims under the Oregon Wrongful Death Act which limits recovery to $20,000; and (4) that consequently there was no triable issue of fact on the matter of damages.

On this appeal plaintiff states her contentions as follows: (1) The court should apply the law of Michigan,[2] the state of

---

[1]The Oregon statute has subsequently been amended to eliminate any ceiling on wrongful death recoveries. (Oregon Laws, 1967, ch. 544.)

[2]Michigan Statutes Annotated, section 2922.

manufacture of the machinery, a state which has no limit on potential recovery in a wrongful death action; (2) that even if Oregon law is applied to the case, defendant is an independent tortfeasor whose liability was not extinguished by plaintiff's settlement of her rights under the Oregon Employer's Liability Act. In order to reach the second of plaintiff's arguments, we must, of course, first decide if the trial court was correct in applying the law of Oregon.

 Plaintiff's initial proposition is that in matters of products liability, because the state of manufacture can best regulate the manufacturing process through legislative controls and inspections, the law of such state should be applied when a choice of law problem is presented. Plaintiff also argues that such a rule would promote uniformity in conflicts law, and maintains, in addition, that the actual breach of duty to plaintiff took place in Michigan. However, plaintiff does not cite any authority for her position that the state of manufacture is the crucial state in a products liability case, nor has any such authority been found.[3]

On the other hand, there is significant authority to support the trial court's choice of law in the instant case. It is true that the application of Oregon law is not compelled automatically simply because the accident occurred in Oregon. As the court said in the leading case of *Reich* v. *Purcell,* 67 Cal.2d 551, 555 [63 Cal.Rptr. 31, 432 P.2d 727], ''[T]he law of the place of the wrong is not necessarily the applicable law for all tort actions brought in the courts of this state.'' (See *Traveler's Ins. Co.* v. *Workmen's Comp. App. Bd.,* 68 Cal.2d 7, 11-12 [64 Cal.Rptr. 440, 434 P.2d 992].) *Reich* makes it clear that in each tort case where a choice of law problem is involved the forum court ''must search to find the proper law to apply based upon the interests of the litigants and the involved states'' (at p. 553), and thus ''determine the law that most appropriately applies to the issue involved.'' (P. 555; see also *Schneider* v. *Schimmels,* 256 Cal.App.2d 366, 373 [64 Cal.Rptr. 273]; *Travelers Ins. Co.* v. *Workmen's Comp. App. Bd., supra,* 68 Cal.2d 7, 13.)

 In the instant case plaintiff and her children are

---

[3] A comment in 78 Harvard Law Review 1452 discusses choice of law problems in products liability cases. The writer suggests at page 1467 that the central concern of the courts in the cases has been the compensation of the injured rather than control of the conduct of manufacture. His discussion deals with whether strict liability or negligence is the proper choice of law; he does not deal with the question of limitations of wrongful death recoveries.

residents of Oregon, and the accident took place in Oregon; only the allegedly improper manufacture by defendant occurred in Michigan. This conduct of defendant is not determinative of a choice of law question. ■ As stated in *Reich,* "Limitations of damages for wrongful death, . . . have little or nothing to do with conduct. They are concerned not with how people should behave but with how survivors should be compensated." (*Reich* v. *Purcell, supra,* at p. 556.)

■ Here, Oregon is the only state which has any real interest in how the decedent's survivors are to be compensated. Accordingly, we conclude that under the test of *Reich* the interests of the involved states and the litigants compel the application of Oregon law to this case. Oregon's interest in the compensation of her residents for wrongful death overrides any possible concern of Michigan in the regulation of the activities of manufacturers. Neither California nor Michigan has any interest in extending to Oregon residents any greater rights than are afforded by the state of residence. (See *Howe* v. *Diversified Builders, Inc.,* 262 Cal.App.2d 741, 745-746 [69 Cal.Rptr. 56].) Moreover, to apply the law of Michigan on the facts of this case is to encourage forum shopping by litigants.

■ We next turn to plaintiff's contention that, under the law of Oregon, defendant is an independent tortfeasor and consequently its liability to plaintiff is not affected by her settlement with the employers. Plaintiff relies on California authority which requires a concert of action, a unity of purpose or design, and a common purpose before parties attain the legal status of joint tortfeasors. (*Apodaca* v. *Hamilton,* 189 Cal.App.2d 78, 82 [10 Cal.Rptr. 885]; *Alexander* v. *Hammarberg,* 103 Cal.App.2d 872, 879 [236 P.2d 399]; *Weinberg Co.* v. *Bixby,* 185 Cal. 87, 106-107 [196 P. 25].) The efficacy of the California rule propounded by plaintiff is of no consequence to this case since it is not the law of Oregon. Oregon does not require a concert of action and joint purpose among tortfeasors, but instead has adopted the definition and rule that "'where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concerted action.'" (*Murray* v. *Helfrich,* 146 Ore. 602, 605-606 [30 P.2d 1053, 1054]; *Southern Pac. Co.* v. *Raish* (9th Cir. 1953) 205 F.2d 389, 393 (Oregon law).) Here we certainly have but one single indivisible injury to the decedent and if defendant's negligence were

found to have contributed to that injury, it would certainly be a joint tortfeasor with decedent's employers in a wrongful death suit. Further, under the law of Oregon it is clear that a settlement with one joint tortfeasor for a particular injury is a *pro tanto* setoff to any recovery for the same injury from another tortfeasor. (*Southern Pac. Co.* v. *Raish, supra,* at p. 393; *Murray* v. *Helfrich, supra,* at pp. 608-609; *Hicklin* v. *Anders,* 201 Ore. 128, 136 [253 P.2d 897, 900, 269 P.2d 521].)

■ However, plaintiff asserts that defendant cannot in this case be a joint tortfeasor since its liability is founded on the wrongful death statute, while plaintiff's settlement with the employers involved claims resulting from a separate statute, the special Oregon Employer's Liability Act,[4] under which defendant could not be held liable. There is apparently no Oregon authority on this precise point. However, the Oregon courts have stated that the two acts must be construed together. (*Niemi* v. *Stanley Smith Lumber Co.,* 77 Ore. 221, 234 [149 P. 1033, 1035].) Under Oregon authority it is clear that the cause of action under the Employer's Liability Act is essentially an action in tort. As the Supreme Court of Oregon said in *Shelton* v. *Paris,* 199 Ore. 365, 368 [261 P.2d 856] : "The statute increases the burden of the employer in hazardous occupations, but not the liability. The gist of the action is the same,—liability for negligence, but no new liability is created by statute, . . ." (261 P.2d 856, 858.) Considering that both statutes provide for actions in tort and further recognizing that recovery in the instant case under either statute would be for a single, indivisible injury, we see no merit in plaintiff's assertion that defendant is an independent tortfeasor simply because of the existence of two separate statutes under which plaintiff could seek redress.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied February 3, 1969, and appellant's petition for a hearing by the Supreme Court was denied March 5, 1969.

---

[4] Oregon Revised Statutes, 654.305-325.