Marilyn LLOYD, etc., Plaintiff,

v.

CESSNA AIRCRAFT COMPANY, Defendant and Third-party Plaintiff,

v.

UNITED STATES of America et al., Third-party Defendants.

UNITED STATES of America, Fourth-party Plaintiff,

v.

SERV–AERO ENGINEERING, INC., Fourth-party Defendant.

No. CIV–4–75–40.

United States District Court, E. D. Tennessee, Winchester Division.

Dec. 6, 1976.

John C. Curtis and Charles P. Dupree, Chattanooga, Tenn., for plaintiff.

W. Ferber Tracy, Chattanooga, Tenn., for Santa Monica Propeller Service.

Samuel R. Anderson, Chattanooga, Tenn., for Serv-Aero Engineering, Inc.

Paul Leitner and R. Vann Owens, Chattanooga, Tenn., for Cessna.

John Bowers, U. S. Atty., Knoxville, Tenn., Andrew J. Dilk, F.A.A., Jonathan M. Hoffman, Dept. of Justice, Washington, D. C., for the U. S.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

The third-party defendant the United States of America (the government) moved for a dismissal of the third-party claim against it for lack of the Court's jurisdiction of the subject matter and of its person and for failure of the third-party plaintiff to state a claim upon which relief can be granted against it. Rules 12(b)(1), (2), (6), Federal Rules of Civil Procedure. The third-party plaintiff Cessna Aircraft Company (Cessna) made a timely response thereto.

It is the principal contention of the government that the substantive (internal) law of the state of California is applicable to such third-party claim against it, and that, thereunder, this action is barred. Pretermitting all other matters herein is a determination by the Court of the law which governs Cessna's claim for contribution and indemnification against the national sovereign.

The third-party action is brought under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., with the Court's jurisdiction invoked under 28 U.S.C. § 1346(b). This latter statute provides that:

\*   \*   \*   \*   \*   \*

\* \* \* the district courts \* \* \* · shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages \* \* \* for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant *in accordance with the law of the place where the act or omission occurred.* \* \* \* [Emphases provided].

■ In actions brought under the Federal Tort Claims Act, *supra,* the court is required to apply the law of the place where the alleged negligent act or omission by the government occurred, rather than the law of the place where the negligence had its operative effect. *Richards v. United States* (1962), 369 U.S. 1, 9–10, 82 S.Ct. 585, 7 L.Ed.2d 492, 498 (headnotes 3, 4); *Roberts v. United States,* C.A. 9th (1974), 498 F.2d 520, 522[1], n. 2, certiorari denied (1974), 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665. And, in applying the law of such place, the whole law of such jurisdiction, including its rules on choice-of-law, must be considered, *Richards v. United States, supra,* 369 U.S. at 11, 89 S.Ct. 585, 7 L.Ed.2d at 499 (headnote 7); *Gowdy v. United States,* C.A. 6th (1969), 412 F.2d 525, 527[1], certiorari denied (1969), 396 U.S. 960, 90 S.Ct. 437, 24 L.Ed.2d 425, rehearing denied (1970), 396 U.S. 1063, 90 S.Ct. 750, 24 L.Ed.2d 756.

■ It appears undisputed in this record that the government's alleged negligence occurred in the state of California.[1] The Court rejects Cessna's contention that it

---

1. On page 17 of its brief submitted pursuant to section X of the pretrial order herein, Cessna stated that " \* \* \* [i]t is the position of the defendant and third-party plaintiff that the F.A.A. and its employees were guilty of negligence in the State of California. \* \* \* "

should apply directly herein, as to this third-party claim, a so-called federal rule of contribution and indemnity as the Seventh Circuit did in *Kohr v. Allegheny Airlines, Inc.*, C.A. 7th (1974), 504 F.2d 400, certiorari denied *sub nom. Forth Corporation v. Allegheny Airlines, Inc.* (1975), 421 U.S. 978, 95 S.Ct. 1979, 1980, 44 L.Ed.2d 470. Such decision is inapposite.

Therein, the third-party action seeking contribution and indemnification was brought *by* the United States. It was not, as here, a lawsuit for such recovery *against* the United States under the Federal Tort Claims Act, *supra.* To apply such a federal rule to the present situation would require this Court to completely disregard the plain provisions of 28 U.S.C. § 1346(b) and the mandate of the Supreme Court, requiring the application of the law of the place where the alleged negligent act or omission by the government occurred. This, the Court declines to do.

" * * * It is clear * * * that the term 'place' in the Federal Tort Claims Act means the political entity * * * whose laws shall govern the action against the United States 'in the same manner and to the same extent as a private individual under like circumstances.' * * * " *Hess v. United States* (1960), 361 U.S. 314, 318, 80 S.Ct. 341, 345, 4 L.Ed.2d 305, 310 (headnote 3), n. 7. Thus, courts have consistently determined any liability of the United States by reference to state law. *Ibid.*, 361 U.S. at 318, 80 S.Ct. 341, 4 L.Ed.2d at 309 (headnote 1); *Richards v. United States, supra; United States v. Muniz* (1963), 374 U.S. 150, 153, 83 S.Ct. 1850, 10 L.Ed.2d 805, 809 (headnote 2); *Bibler v. Young*, C.A. 6th (1974), 492 F.2d 1351, 1357[2], certiorari denied (1974), 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed.2d 269; *Russell v. United States*, C.A. 6th (1972), 465 F.2d 1261, 1262[1]; *United States v. Hutchins*, C.A. 6th (1959), 268 F.2d 69, 70[1]; *Fries v. United States*, C.A. 6th (1948), 170 F.2d 726, 730[7], certiorari denied (1949), 336 U.S. 954, 69 S.Ct. 876, 93 L.Ed. 1109.

" * * * Th[e] language [of 28 U.S.C. § 1346(b)] means that state law governs.

* * * " *Munson v. United States*, C.A. 6th (1967), 380 F.2d 976, 977[1]. Similarly, any right to contribution or indemnity under the Federal Tort Claims Act, *supra*, is governed by state law. *United States Lines v. United States*, C.A. 5th (1972), 470 F.2d 487, 490[5]; *Uptagrafft v. United States*, C.A. 4th (1963), 315 F.2d 200, 203[5], certiorari denied (1963), 375 U.S. 818, 84 S.Ct. 54, 11 L.Ed.2d 52; *Starr v. United States*, D.C.Tex. (1975), 393 F.Supp. 1359, 1363[1], n. 4.

Furthermore, the reasons for the application in *Kohr, supra*, of such a federal rule of contribution and indemnification are not present in the instant situation. This action does not involve a multi-passenger airplane crash with a multiplicity of state jurisdictions concerned. Nor were suits herein filed in several states with the potential result of inconsistent judgments, and the possible application of the law of numerous different jurisdictions as to the particular claims involved.

Although two reported decisions cited the *Kohr* case, *supra*, apparently with approval, neither such court actually applied such a federal rule of contribution and indemnity, even in a situation not brought under the Federal Tort Claims Act, *supra.* See: *In re Paris Air Crash of March 3, 1974*, D.C.Cal. (1975), 399 F.Supp. 732; *Rauch v. United Instruments, Inc.*, D.C.Pa. (1975), 405 F.Supp. 442. Thus, it is the opinion of the Court that it must first look to the whole law of California in considering the claim of Cessna against the national sovereign.

" * * * In the landmark opinion authored by Former Chief Justice Traynor for a unanimous court in *Reich v. Purcell* (1967), 67 Cal.2d 551, 63 Cal.Rptr. 31, 432 P.2d 727 * * * [the California Supreme Court] renounced the prior rule, adhered to by the courts for many years, that in tort actions the law of the place of the wrong was the applicable law in a California forum regardless of the issues before the court. [That Court] adopted in its place a rule requiring an analysis of the respective interests of the states involved (governmental interest approach) the objective of

which is 'to determine the law that most appropriately applies to the issue involved.' (*Reich v. Purcell, supra,* at p. 554, 63 Cal. Rptr. at p. 34, 432 P.2d at p. 730.) * * * " *Hurtado v. Superior Court of Sacramento County* (1974), 11 Cal.3d 574, 579–580, 114 Cal.Rptr. 106, 109, 522 P.2d 666, 669[3, 4]; see also: *Moore v. Greene,* C.A. 9th (1970), 431 F.2d 584, 590[4–6]; *Ryan v. Clark Equipment Company* (1969), 268 Cal.App.2d 679, 74 Cal.Rptr. 329, 331[1, 2]; *Howe v. Diversified Builders, Inc.* (1968), 262 Cal. App.2d 741, 69 Cal.Rptr. 56; *Schneider v. Schimmels* (1967), 256 Cal.App.2d 366, 64 Cal.Rptr. 273.

" * * * California's approach to conflicts problems has been characterized as the 'governmental interest' approach. That is, the courts of this state [California] have given special attention to the actual interests of the concerned states in the resolution of the particular issue presented to the court. * * * [R]ather than on a mere mechanical balancing of the contacts * * * the emphasis in California is on the last sentence of the Restatement [of the Law, Conflict of Laws 2d, § 145]. * * * " *Kasel v. Remington Arms Company,* C.A.Cal. (1972), 24 Cal.App.3d 711, 730, 101 Cal.Rptr. 314, 327[12].

Hence, the factors to be considered to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. *Ibid.,* 24 Cal.App.3d at 729, 101 Cal.Rptr. at 326[11], n. 22. Such relevant contacts must be examined in connection with the analysis of the interests of the states involved in the issues, the character of the tort, and the relevant purposes of the tort rules under consideration. *Ibid.,* 24 Cal.App.3d at 731, 101 Cal.Rptr. at 328[14].

The government contends that under California's governmental interest approach, this Court is required to apply the substantive law of such jurisdiction. Cessna, on the other hand maintains that the internal law of Tennessee is applicable hereto.[2] The Court feels that further guidance from the respective parties is advisable before ruling as to what substantive law is controlling as to such third-party claim herein. Accordingly, the government and Cessna hereby are DIRECTED to submit additional briefs within 15 days herefrom on the following issue of law:

Under the California conflict of law rules, what substantive law is controlling herein as to Cessna's third-party claim for contribution and indemnification against the government?[3]

Each such party will be allowed 5 days thereafter in which to make any further response.

The third-party defendant Santa Monica Propeller Service, Inc. (Santa Monica) moved the Court for clarification of its anticipated procedure regarding the bifurcation at the trial of the respective claims herein.

It is the intention of the Court to first try and submit to the jury the original claim of the plaintiff Mrs. Lloyd against the defendant Cessna, both as to the issue of liability and that of damages. Then, should the jury return a verdict in favor of the plain-

2. Cessna's reliance upon diversity of citizenship cases in support of such contention is misplaced.

   It is possible, however, that under the California "governmental interest" choice-of-law doctrine, this Court would be required to apply the law of Tennessee to this claim against the government. For example, in *Richards v. United States, supra,* the action was commenced in a federal district court in Oklahoma, alleging the negligence of the national sovereign in failing to enforce the Civil Aeronautics Act, which negligence purportedly occurred in Oklahoma and caused an airplane crash in Missouri. The Supreme Court held that, applying the whole law of Oklahoma, such state's choice-of-law rules required the application of the internal law of Missouri.

3. Counsel should discuss fully the aforementioned factors considered by the California courts as well as any other relevant interests which may have a bearing on the choice of substantive law applicable to this claim.

tiff awarding damages against Cessna, additional evidence will be heard concerning the respective third-party claims of Cessna against the government and Santa Monica. After the taking of such evidence, the Court will take under advisement the non-jury claim against the government and will submit to the jury the claim against Santa Monica. Separate charges to the jury will be given in each instance. Finally, should the Court find the government liable to Cessna, the same general procedure will be followed with respect to the government's fourth-party claim against Serv-Aero, Inc. (Serv-Aero).

Upon showing of good cause, the separate motions of Santa Monica and the government to extend the time for completion of discovery herein hereby are GRANTED. Section IX of the revised pretrial order herein hereby is AMENDED, by substituting for the word and figures, October 23, 1976, the word and figures, January 22, 1977.

The government moved also for an order compelling Cessna to answer certain written interrogatories propounded to it on the ground that the answers previously given thereto were "* * * so evasive and incomplete as to constitute a failure to answer. * * *" Rule 37(a)(2), Federal Rules of Civil Procedure.

The defendant Cessna Aircraft Company hereby is ORDERED to answer completely and unevasively within 15 days herefrom such interrogatories nos. 4–9, inclusive; 13(a), (b), (f), (g), (h), (i) [parts (iv) and (v)]; 23(b); 24(b); 25(b); 26; 27; 40; 42(b); 44–50, inclusive; and 66(a)–(f), inclusive.[4] Cessna will also supplement and clarify within such time period its answer to such interrogatory no. 12. The government's motion hereby is OVERRULED as to such interrogatories nos. 18; 19(a), (b), (c); and 37.

▇▇ Certain other of such interrogatories request Cessna to "* * * list all factual witnesses upon whom you intend to rely to establish * * *" certain specifically enumerated contentions which such third-party plaintiff may have in connection with its claim against the government. Rule 26(b)(1), Federal Rules of Civil Procedure, allows for the discovery of "* * * the identity and location of persons having knowledge of any discoverable matter. * * *" Such provision applies to witnesses of the particular events in question, that is, so-called "occurrence witnesses."

These witnesses may always be discovered, even though they will not be used at trial. 8 Wright & Miller, Federal Practice and Procedure: Civil 106–108, § 2013. In addition, Rule 26(b)(4)(A)(i), *supra*, allows a party to learn through interrogatories the name of expert witnesses that the other party expects to call at trial. Finally, it is the policy of this Court to require all sides in a civil action to disclose, at the time of the pretrial conference and thereafter, to his adversary (1) the name and identity of any and all witnesses which it proposes to call at the trial; (2) the present whereabouts of each such witness; and (3) the substance of each such witness' testimony. There is ample authority for such a disclosure requirement. *Brennan v. Engineered Products, Inc.*, C.A. 8th (1974), 506 F.2d 299, 304[8, 9]; *Wirtz v. Hooper-Holmes Bureau, Inc.*, C.A. 5th (1964), 327 F.2d 939, 942–943[1]; *Jackson v. Kroblin Refrigerated Xpress, Inc.*, D.C.W.Va. (1970), 49 F.R.D. 134, 136[2]; *St. Paul Fire & Marine Insurance Co. v. King*, D.C.Okl. (1968), 45 F.R.D. 521, 522–523[2–5].

The form of the aforementioned interrogatories is overly broad, in that they seek to discover more than is authorized by either the Federal Rules of Civil Procedure or the policy of this Court. Accordingly, as to such interrogatories nos. 10; 13(j); 19(c); 23(c); 24(c); 25(c); 31(d); 38(b); 40; and 43(f), the motion hereby is OVERRULED.

As to the government's aforementioned motion, the Court will hold a hearing at the

---

4. So-called "contention interrogatories" are authorized and proper. Rule 33(b), Federal Rules of Civil Procedure. The responses given by Cessna generally were not responsive to the question asked, were incomplete, and bordered on evasiveness.

time of the trial herein so as to consider the government's request that it be awarded its reasonable expense incurred thereby to the extent such motion was granted. Rule 37(a)(4), Federal Rules of Civil Procedure.

Finally, the government moved the Court to reconsider its disallowance of such party's proposed amendment to the revised pretrial order herein, so as to state the general nature of its claim against the fourth-party defendant Serv-Aero, Inc. It is the Court's intention to incorporate fully into the pretrial order herein, well in advance of trial, the general nature of both the government's claim against such fourth-party defendant and the responsive contentions of Serv-Aero. The appropriate time for such inclusion appears to be after Serv-Aero has filed its answer herein; hence, the government's request is premature. Further, the Court's anticipated procedure in this regard has rendered any such motion unnecessary and MOOT.

All other matters hereby are RESERVED.