[Sac. No. 8005. In Bank. May 31, 1974.]

MANUEL CID HURTADO, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
MARIA DE JESUS FLORES DE HURTADO et al.,
Real Parties in Interest.

## COUNSEL

Johnson, Greve, Clifford & Diepenbrock, Johnson, Davies, Greve & Clifford, Johnson, Greve & Clifford and Robert Lea for Petitioner.

Leonard G. Ratner as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Alfonso Z. Gonzalez for Real Parties in Interest.

Gerald J. Adler and Crow, Lytle, Schleh & Gilwee as Amici Curiae on behalf of Real Parties in Interest.

## OPINION

**SULLIVAN, J.**—In this proceeding, petitioner Manuel Cid Hurtado seeks a writ of mandate directing respondent superior court to vacate its ruling that the applicable measure of damages in the underlying action for wrongful death was that prescribed by California law without any maximum limitation, rather than that prescribed by the law of Mexico which limits the amount of recovery. We have concluded that the trial court correctly chose the law of California. We deny the writ.

Real parties in interest, the widow and children of Antonio Hurtado (hereafter plaintiffs) commenced against Manuel Hurtado and Jack Rexius (hereafter defendants) the underlying action for damages for wrongful death, arising out of an automobile accident occurring in Sacramento County on January 19, 1969. Plaintiffs' decedent was riding in an automobile owned and operated by his cousin, defendant Manuel Hurtado. Defendant Hurtado's vehicle, while being driven along a two-lane paved road, collided with a pick-up truck, owned and operated by defendant Rexius, which was parked partially on the side of the road and partially on the pavement on which defendant Hurtado was driving. Upon impact, the truck in turn collided with an automobile parked in front of it, owned by Rexius and occupied by his son. Decedent died as a result of the collision.

At all material times plaintiffs were, and now are residents and domiciliaries of the State of Zacatecas, Mexico. Decedent, at the time of the accident, was also a resident and domiciliary of the same place and was in California temporarily and only as a visitor. All three vehicles involved in the accident were registered in California; Manuel Hurtado, Jack Rexius and the latter's son were all residents of California. Both defendants denied liability.

Defendant Hurtado moved respondent court for a separate trial of the issue whether the measure of damages was to be applied according to the law of California or the law of Mexico. The motion was granted and at the ensuing trial of this issue the court took judicial notice (Evid. Code, §§ 452, 453) of the relevant Mexican law prescribing a maximum limitation of damages for wrongful death.[1] As a result it was established that

---

[1] Section 1889 of the Civil Code of the State of Zacatecas, Mexico, provided that a decedent's survivors may receive a maximum of 25 pesos per day for a period of 730 days. This section expressly makes the Federal Labor Law (of Mexico) applicable in determining the amount of damages recoverable in wrongful death actions.

the maximum amount recoverable under Mexican law would be 24,334 pesos or $1,946.72 at the applicable exchange rate of 12.5 pesos to the dollar. After submission of the issue on briefs, the trial court announced its intended decision (Cal. Rules of Court, rule 232) and filed a memorandum opinion, ruling in substance that it would apply a measure of damages in accordance with California law and not Mexican law. Defendant Hurtado then sought a writ of mandate in the Court of Appeal to compel the trial court to vacate its ruling and to issue a ruling that Mexico's limitation of damages for wrongful death be applied. The Court of Appeal granted an alternative writ and thereafter issued a peremptory writ of mandate so directing the trial court. We granted a hearing in this court upon the petition of plaintiffs.

■ It is clear that mandate is an appropriate remedy to review the proceedings below. ■ "Although it is well established that mandamus cannot be issued to control a court's discretion, in unusual circumstances the writ will lie where, under the facts, that discretion can be exercised in only one way." (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; *Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 685 [91 Cal.Rptr. 585, 478 P.2d 17]; *Hilmer* v. *Superior Court* (1934) 220 Cal. 71, 73 [29 P. 175].) ■ Here the facts have been stipulated to and are not in dispute. The sole issue is a question of law as to which measure of damages should be applied. ■ The trial court is under a legal duty to apply the proper law and may be directed to perform that duty by writ of mandate. (*Babb* v. *Superior Court, supra,* at p. 851; *Mannheim* v. *Superior Court, supra,* at p. 685). ■ The absence of another adequate remedy was determined by the Court of Appeal when it granted the alternative writ. (*Mannheim* v. *Superior Court, supra,* at p. 686; *County of Sacramento* v. *Hickman* (1967) 66 Cal.2d 841, 845 [59 Cal.Rptr. 609, 428 P.2d 593].)

■ In the landmark opinion authored by former Chief Justice Traynor for a unanimous court in *Reich* v. *Purcell* (1967) 67 Cal.2d 551 [63 Cal. Rptr. 31, 432 P.2d 727] (see Symposium, *Comments on Reich* v. *Purcell* (1968) 15 U.C.L.A. L.Rev. 551-654), we renounced the prior rule, adhered to by courts for many years, that in tort actions the law of the place of the wrong was the applicable law in a California forum regardless of the issues before the court. We adopted in its place a rule requiring an analysis of the respective interests of the states involved (governmental interest approach) the objective of which is "to determine the law that

Section 1890 of the Zacatecas Civil Code provides that the court may, in its discretion, award an additional amount, not to exceed one-third of the first amount, as extra indemnity.

most appropriately applies to the issue involved." (*Reich* v. *Purcell, supra,* at p. 554.)[2]

The issue involved in the matter before us is the measure of damages in the underlying action for wrongful death. Two states or governments are implicated. (1) California—the place of the wrong, the place of defendants' domicile and residence, and the forum; and (2) Mexico—the domicile and residence of both plaintiffs and their decedent.

The fact that two states are involved does not in itself indicate that there is a "conflict of laws" or "choice of law" problem. There is obviously no problem where the laws of the two states are identical. (Comment, *False Conflicts,* 55 Cal.L.Rev. 74, 76; Cavers, The Choice of Law Process (1965) pp. 89-90.) Here, however, the laws of California and Mexico are not identical. Mexico limits recovery by the survivors of the decedent in a wrongful death action to 24,334 pesos (see fn. 1, *ante,* and accompanying text). California provides that the heirs of the decedent are entitled to recover such sum, as under all the circumstances of the case, will be just compensation for the pecuniary loss which each heir has suffered by reason of the death of the decedent. (*Bond* v. *United Railroads* (1911) 159 Cal. 270, 276-279 [113 P. 366]; *Valente* v. *Sierra Railway Co.* (1910) 158 Cal. 412, 418-419 [111 P. 95]; *Redfield* v. *Oakland C. S. Ry. Co.* (1895) 110 Cal. 277, 285 [42 P. 822, 1063]; Code Civ. Proc., § 377.)

Although the two potentially concerned states have different laws, there is still no problem in choosing the applicable rule of law where only one of the states has an interest in having its law applied. (Comment, *False Conflicts,* 55 Cal.L.Rev. at p. 77; Cavers, *op. cit. supra,* pp. 89-90.) "When one of two states related to a case has a legitimate interest in the application of its law and policy and the other has none, there is no real problem; clearly the law of the interested state should be applied." (Currie, Selected Essays on Conflicts of Laws (1963) p. 189.)[3]

██  The interest of a state in a tort rule limiting damages for wrongful

---

[2]"The forum must search to find the proper law to apply based upon the interests of the litigants and the involved states." (*Reich* v. *Purcell, supra,* 67 Cal.2d at p. 553.) The governmental interests approach is applicable not only to situations involving multistate contacts but also to those involving a state of the United States vis-à-vis a political entity of a foreign country. (*Kasel* v. *Remington Arms Co.* (1972) 24 Cal.App.3d 711, 731 [101 Cal.Rptr. 314].)

[3]"The case of Reich v. Purcell seems the very paradigm of the false conflict, and, apart from its service in aligning California squarely with the states rejecting the vested rights theory, Chief Justice Traynor's opinion should prove invaluable as a methodological exercise in the resolution of the choice-of-law problem by reference to the purposes of the laws involved." (Cavers, *Comments on Reich* v. *Purcell,* 15 U.C.L.A. L.Rev. 647, fn. omitted.)

death is to protect defendants from excessive financial burdens or exaggerated claims. (*Reich* v. *Purcell, supra,* at p. 556; Cavers, *op. cit. supra,* at p. 151.) As stated in *Reich* this interest "to avoid the imposition of excessive financial burdens on [defendants] . . . is also primarily local." (*Reich* v. *Purcell, supra,* at p. 556; Kay, *Comments on Reich* v. *Purcell,* 15 U.C.L.A. L.Rev. 584, 591-592); that is, a state by enacting a limitation on damages is seeking to protect its residents from the imposition of these excessive financial burdens. Such a policy "does not reflect a preference that widows and orphans should be denied full recovery." (Cavers, *op. cit. supra,* at p. 151.) Since it is the plaintiffs and not the defendants who are the Mexican residents in this case, Mexico has no interest in applying its limitation of damages—Mexico has no defendant residents to protect and has no interest in denying full recovery to its residents injured by non-Mexican defendants.

As the forum, California "can only apply its own law" (*Reich* v. *Purcell, supra,* at p. 553). ▮ When the forum undertakes to resolve a choice-of-law problem presented to it by the litigants, it does not choose between foreign law and its own law, but selects the appropriate rule of decision for the forum to apply as its law to the case before it. (*Reich* v. *Purcell, supra,* at p. 553.) Therefore, when the forum state undertakes its "search to find the proper law to apply based upon the interests of the litigants and the involved states" (*Reich* v. *Purcell, supra,* at p. 553), it is understood that "[n]ormally, even in cases involving foreign elements, the court should be expected, as a matter of course, to apply the rule of decision found in the law of the forum." (Currie, *op. cit. supra,* at p. 183.) "Only 'when it is suggested that the law of a foreign state should furnish the rule of decision' must the forum determine the governmental policy of its own and the suggested foreign laws, preparatory to assessing whether either or both states have an interest in applying their policy to the case." (Kay, *Comments on Reich* v. *Purcell,* 15 U.C.L.A. L.Rev. 584, 585.) ▮ In short, generally speaking the forum will apply its own rule of decision unless a party litigant timely invokes the law of a foreign state. In such event he must demonstrate that the latter rule of decision will further the interest of the foreign state and therefore that it is an appropriate one for the forum to apply to the case before it. (Currie, *op. cit. supra,* at pp. 1-76, 177-187; Symposium, *Comments on Reich* v. *Purcell,* 15 U.C.L.A. L.Rev. 551.)

▮ In the case at bench, California as the forum should apply its own measure of damages for wrongful death, unless Mexico has an interest in having its measure of damages applied. Since, as we have previously explained, Mexico has no interest whatsoever in the application of its limita-

tion of damages rule to the instant case, we conclude that the trial court correctly chose California law.

■ To recapitulate, we hold that where as here in a California action both this state as the forum and a foreign state (or country) are potentially concerned in a question of choice of law with respect to an issue in tort and it appears that the foreign state (or country) has no interest whatsoever in having its own law applied, California as the forum should apply California law. Since this was done, we deny the writ.

Nevertheless, although our holding disposes of the mandamus proceeding before us, we deem it advisable to consider the argument addressed by defendant to the interest of California in applying its measure of damages for wrongful death. We do this because the argument reflects a serious misreading of *Reich* which apparently has not been confined to the parties before us.

First, defendant contends that California has no interest in applying its measure of damages in this case because *Reich* v. *Purcell, supra,* 67 Cal. 2d 551, determined that the interest of a state in the law governing damages in wrongful death actions is "in determining the distribution of proceeds to the beneficiaries and that interest extends only to local decedents and beneficiaries." (*Reich, supra,* at p. 556.) Decedent and plaintiffs were residents of Mexico and not "local decedents and beneficiaries" in California. Therefore, so the argument runs, California has *no* interest whatever in how plaintiff survivors, residents of Mexico, should be compensated for the wrongful death of their decedent, also a resident of Mexico, and conversely Mexico *does* have an interest.

Defendant's reading of *Reich* is inaccurate. It confuses two completely independent state interests: (1) the state interest involved in *creating* a cause of action for wrongful death so as to provide *some* recovery; and (2) the state interest involved in *limiting* the *amount* of that recovery. In *Reich* this court carefully separated these two state interests, although it referred to them in the same paragraph. The state interest in creating a cause of action for wrongful death is in "determining the distribution of proceeds to the beneficiaries";[4] the state interest in limiting damage is "to

---

[4] "Wrongful death statutes create causes of action in specified beneficiaries and distribute the proceeds to those beneficiaries. The proceeds in the hands of the beneficiaries are not distributed through the decedent's estate and, therefore, are not subject to the claims of the decedent's creditors and consequently do not provide a fund for local creditors. Accordingly, the interest of a state in a wrongful death action insofar *as plaintiffs* are concerned is in determining the distribution of proceeds to the beneficiaries and that interest extends only to local decedents and beneficiaries." (*Reich* v. *Purcell, supra,* at p. 556, italics added.)

avoid the imposition of excessive financial burdens on them [defendants]."[5]
(*Reich* v. *Purcell, supra,* at p. 556.)

In the case at bench, the entire controversy revolves about the choice of an appropriate rule of decision on the issue of the proper *measure* of damages; there is no contention that plaintiffs are not entitled under the applicable rules of decision to *some* recovery in wrongful death. The Mexican rule is a rule limiting damages. Thus, the interest of Mexico at stake is one aimed at protecting resident defendants in wrongful death actions and, as previously explained, is inapplicable to this case, because defendants are not Mexican residents. Mexico's interest in limiting damages is not concerned with providing compensation for decedent's beneficiaries. It is Mexico's interest in creating wrongful death actions which is concerned with distributing proceeds to the beneficiaries and that issue has not been raised in the case at bench.

■ The creation of wrongful death actions "insofar as plaintiffs are concerned" is directed toward compensating decedent's beneficiaries. (See fn. 4, *ante.*) California does not have this interest in applying its wrongful death statute here because plaintiffs are residents of Mexico. However, the creation of wrongful death actions is not concerned solely with plaintiffs. As to defendants the state interest in creating wrongful death actions is to deter conduct. We made this clear in *Reich*: "Missouri [as the place of wrong] is concerned with conduct within her borders and as to such conduct she has the predominant interest of the states involved." (*Reich* v. *Purcell, supra,* at p. 556.) We went on to observe that the predominant interest of the state of the place of the wrong in conduct was not in rules concerning the *limitation* of damages: "Limitations of damages for wrongful death, however, have little or nothing to do with conduct. They are concerned not with how people should behave but with how survivors should be compensated." (*Reich* v. *Purcell, supra,* at p. 556.) Since it was not involved in *Reich,* we left implicit in our conclusion the proposition that the predominant interest of the state of the place of the wrong in conduct is in the creation of a cause of action for wrongful death.

It is manifest that one of the primary purposes of a state in creating a cause of action in the heirs for the wrongful death of the decedent is to deter the kind of conduct within its borders which wrongfully takes life. (Seidelson, *The Wrongful Death Action* (1972) 10 Duquesne L.Rev. 525;

---

[5]"Missouri's limitation on damages expresses an additional concern *for defendants,* however, in that it operates to avoid the imposition of excessive financial burdens on them. That concern is also primarily local." (*Reich* v. *Purcell, supra,* at p. 556; italics added.)

see generally Cavers, *op. cit. supra,* at pp. 139-180; Currie, *op. cit. supra,* at pp. 690-742] Symposium, *Comments on Reich* v. *Purcell,* 15 U.C.L.A. L.Rev. 551.) It is also abundantly clear that a cause of action for wrongful death without any limitation as to the amount of recoverable damages strengthens the deterrent aspect of the civil sanction: "the sting of unlimited recovery . . . more effectively penalize[s] the culpable defendant and deter[s] it and others similarly situated from such future conduct." (*Seidelson, op. cit. supra,* at p. 528, fn. 12.) Therefore when the defendant is a resident of California and the tortious conduct giving rise to the wrongful death action occurs here, California's deterrent policy of full compensation is clearly advanced by application of its own law. This is precisely the situation in the case at bench.  ■  California has a decided interest in applying its own law to California defendants who allegedly caused wrongful death within its borders. On the other hand, a state which prescribes a limitation on the measure of damages modifies the sanction imposed by a countervailing concern to protect local defendants against excessive financial burdens for the conduct sought to be deterred.

■  It is important, therefore to recognize the three distinct aspects of a cause of action for wrongful death: (1) compensation for survivors, (2) deterrence of conduct and (3) limitation, or lack thereof, upon the damages recoverable. *Reich* v. *Purcell* recognizes that all three aspects are primarily local in character. The first aspect, insofar as *plaintiffs* are concerned, reflects the state's interest in providing for compensation and in determining the distribution of the proceeds, said interest extending only to local decedents and local beneficiaries (see fn. 4, *ante*); the second, insofar as *defendants* are concerned, reflects the state's interest in deterring conduct, said interest extending to all persons present within its borders; the third, insofar as *defendants* are concerned, reflects the state's interest in protecting resident defendants from excessive financial burdens. In making a choice of law, these three aspects of wrongful death must be carefully separated. The key step in this process is delineating the issue to be decided.

The difficulty and importance of this process is underscored by *Ryan* v. *Clark Equipment Co.* (1969) 268 Cal.App.2d 679 [74 Cal.Rptr. 329], which defendant erroneously claims to be supportive of his position. In *Ryan,* the plaintiff's decedent was killed in Oregon while operating a front-end loader in the course of his employment by two Oregon corporate employers. At the time of the accident, the decedent, the plaintiff and their children were residents of Oregon. The plaintiff received on behalf of herself and her children a total of $35,000 from the decedent's employers in full settlement of their rights under the Employer's Liability

Act of the State of Oregon. Thereafter the plaintiff on behalf of the decedent's heirs brought an action in California against the manufacturer of the front-end loader, a Michigan corporation doing business in California. Oregon law limited recovery for wrongful death to $20,000 and further provided that the $35,000 already received must be set-off against any wrongful death recovery. As a consequence, any possible recovery for wrongful death would be extinguished by the set-off. Michigan law, however, imposed no limitation on the measure of damages for wrongful death. The Court of Appeal upheld the choice of Oregon law.

Since the plaintiffs resided in Oregon, that state had an interest in seeing that they received compensation and did not become wards of the state. However, by placing a limitation on this recovery, Oregon had subordinated its interest in compensating resident survivors in amounts in excess of $20,000 to its interest in protecting the financial security of resident defendants by preventing the imposition of excessive burdens. The Oregon plaintiffs, through workmen's compensation, had already been compensated in excess of $20,000. Oregon's interest in their compensation had been fulfilled. The defendant manufacturing corporation, while not incorporated in Oregon, was lawfully doing business there and Oregon had an interest extending to such a resident business entity in applying that state's limitation of damages in order to protect such defendant's financial security.

In *Ryan*, the allegedly tortious conduct was in the manufacture of the loader which had been accomplished in Michigan by a corporation incorporated in that state. Michigan had an interest in applying its rule of compensation without limitation as to amount to all who committed tortious conduct within that state, but particularly to resident defendants, in order to deter such conduct.

Both Oregon and Michigan had an interest in applying their respective wrongful death statutes to the same corporate defendant. Insofar as the defendant did business in Oregon, that state had an interest in protecting the defendant's financial security by limiting damages; insofar as the defendant was a Michigan corporation and allegedly committed tortious conduct in Michigan, that state had an interest in subjecting the defendant to unlimited liability in order to deter such conduct. Thus *Ryan* is a case of true conflict; both states there involved had a legitimate interest in the measure of damages.

The Court of Appeal resolved the conflict by applying the monetary limitations of Oregon law and declared that Oregon's interest "overrides any possible concern of Michigan in the regulation of the activities of

manufacturers." (*Ryan* v. *Clark Equipment Co., supra,* 268 Cal.App.2d 679, 683.)

██ Without addressing ourselves to the accuracy of this conclusion, we must note that the Court of Appeal incorrectly identified Oregon's interest in applying its limitation of damages in exactly the manner as contended by defendants herein, namely that limitations of damages are concerned with compensation of survivors. The court relied on *Reich* v. *Purcell, supra,* 67 Cal.2d 551 for that proposition. As hereinabove explained, this court concluded in *Reich* that a state's interest in limiting recovery in wrongful death actions is in protecting resident defendants from excessive financial burdens. Consequently Oregon's interest in limiting the amount of recovery, as opposed to providing some recovery, is directed at resident defendants not resident plaintiffs. To the extent that any language in *Ryan* v. *Clark Equipment Co., supra,* 268 Cal.App.2d 679 is inconsistent with this opinion it is disapproved.

Defendant's final contention is that California has no interest in extending to out-of-state residents greater rights than are afforded by the state of residence, citing *Ryan* v. *Clark Equipment Co., supra,* 268 Cal. App.2d 679, 683 and *Howe* v. *Diversified Builders, Inc.* (1968) 262 Cal. App.2d 741, 745-746 [69 Cal.Rptr. 56]. Defendant urges seemingly as an absolute choice of law principle that plaintiffs in wrongful death actions are not entitled to recover more than they would have recovered under the law of the state of their residence. ██ In effect defendant argues that the state of plaintiffs' residence has an overriding interest in denying their own residents unlimited recovery.

Limitations of damages express no such state interest. A policy of limiting recovery in wrongful death actions "does not reflect a preference that widows and orphans should be denied full recovery." (Cavers, *op. cit. supra,* at p. 151.) Nor do the cases cited by defendant support his contention. In both *Ryan* and *Howe* the Court of Appeal determined that no other state had a sufficient interest in the case to require or justify the plaintiffs receiving unlimited recovery under the rules of decisions of those states. For example in *Howe* the court stressed that California had no real interest in applying its law, that only Nevada had such an interest, and that accordingly the Nevada plaintiffs suing in California, should be bound by the law of Nevada as the only applicable rule of decision.

Because Mexico has no interest in applying its limitation of damages in wrongful death actions to nonresident defendants or in denying full

recovery to its resident plaintiffs, the trial court both as the forum, and as an interested state, correctly looked to its own law.

The alternative writ of mandate is discharged and the petition for a peremptory writ is denied.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Clark, J., concurred.

Petitioner's application for a rehearing was denied July 10, 1974.