**INTEL CORPORATION, Plaintiff,**

v.

**MALAYSIAN AIRLINE SYSTEM, Defendant.**

No. C–86–1760–CAL.

United States District Court,
N.D. California.

Jan. 16, 1987.

Kent J. Clancy, Jess B. Millikan, Derby, Cook, Quinby & Tweedt, San Francisco, Cal., for plaintiff.

Frank A. Silane, David A. Senior, Condon & Forsyth, Los Angeles, Cal., for defendant.

ORDER REGARDING MOTION
TO DISMISS

LEGGE, District Judge.

Defendant Malaysian Airline Systems moves to dismiss this action on the grounds of *forum non conveniens*.[1] The motion was heard and submitted. The court has considered the arguments of counsel, the record, and the applicable authorities.

I.

Plaintiff Intel Corporation (Intel) has sued Malaysian Airline System (MAS) for the loss of cartons of computer chips. Intel ships partially completed computer chips to a Free Trade Zone in Malaysia for processing. After processing, the chips are returned to California by air. Intel shipped the chips at issue here on MAS from Penang, near the Free Trade Zone, to Kuala Lumpur. Another carrier transported the shipment from Kuala Lumpur to California.

Because the chips have a high value, Intel desired strict security measures at each stage of the international journey. Intel alleges that in 1984, Intel and MAS entered into an agreement under which MAS agreed to provide special security measures for the chips. These security measures were followed without incident for the initial four shipments of chips. On the fifth shipment, the one at issue here, MAS allegedly failed to follow the special security procedures and twelve boxes out of the 65–box shipment disappeared while in the custody of MAS. Intel sues MAS for the value of the chips.

1. MAS also filed a motion for summary judgment on other grounds. The court ordered the summary judgment motion taken off calendar pending a ruling on this motion to dismiss.

A definition of the issues is important to a resolution of this motion. Intel alleges the existence and breach of a contract to provide security services. MAS denies the existence of such a contract, and further denies that it breached any agreement. It also asserts that its only agreement with Intel was one for transportation by air, an agreement that would be governed by the Warsaw Convention and its financial limitations on lost cargo.

## II.

MAS moves to dismiss this action under *forum non conveniens*, arguing that Malaysia is the more convenient forum for resolution of this dispute. Dismissal on the grounds of *forum non conveniens* is within a district court's discretion, subject to the application of the factors enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). This court must consider the private interest and public interest factors of the *forum non conveniens* inquiry. *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1334 (9th Cir.1984); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure 2d*, § 3828 at 308.

Relevant private interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp.*, 330 U.S. at 508, 67 S.Ct. at 843. Public interest factors include administrative difficulties related to court congestion, the local interest in having localized controversies resolved at home, avoidance of problems of conflicting or applica-

tion of foreign law, and the burden of jury duty. *Id.* at 508–09, 67 S.Ct. at 843.

The burden on the moving party (MAS) in such a motion is considerable, because "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Co.*, 330 U.S. at 508, 67 S.Ct. at 843. That is, MAS must make a:

> clear showing of facts which either (1) establish such oppression and vexation of a defendant as to be out of proportion to the plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.

*Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir.), *cert. denied*, 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983) (citations omitted); *see, American Home Assurance Co. v. Insurance Corp. of Ireland*, 603 F.Supp. 636, 640 (S.D.N.Y.1984) ("The complaint of an American citizen should not be dismissed on *forum non conveniens* grounds unless trial in a United States court would be unjust, oppressive, or vexatious and not merely inconvenient to the defendant." (citations omitted)).[2]

## III.

The threshold factors to be considered in a *forum non conveniens* inquiry are the availability of an adequate alternative forum and the law which governs the dispute.

### A. *Availability of Alternate Forum*

The burden of establishing the existence of an alternate forum is on MAS. *Piper*, 454 U.S. at 254, n. 22, 102 S.Ct. at 265 n. 22; *Cheng*, 708 F.2d at 1411. MAS has submitted the declaration of a Malaysian attorney who concludes that this action could be brought in Malaysia and that the statute of limitations has not run. While

**2.** MAS seeks to avoid the burden of this authority by arguing that Intel is not the proper plaintiff. MAS contends that Intel's Malaysian subsidiary should be the plaintiff, because the subsidiary entered into the contract to ship the

chips. However, Intel has alleged that it entered into a contract with MAS for security services that was separate from the transportation agreement. That allegation is sufficient to give Intel initial standing to bring this action.

this showing is somewhat sparse, for purposes of this decision the court will assume that Malaysia is available as an alternative forum.

### B. *Choice of Law*

A district court must attempt to determine the applicable law controlling a dispute in undertaking a *forum non conveniens* inquiry. *Villar v. Crowley Maritime Corp.*, 782 F.2d 1478, 1479 (9th Cir. 1986); *Pereira v. Utah Transport, Inc.*, 764 F.2d 686, 688 (9th Cir.1985). Although this determination is required, it is not necessarily dispositive. So, even if Malaysian law is found to apply here, this court may still retain the case, applying that foreign law to the extent necessary.

MAS mistakenly relies on a choice of law provision (28 U.S.C. § 1606) of the Foreign Sovereign Immunity Act (FSIA), 28 U.S.C. § 1602, *et seq.* to determine the applicable law. The basis for this court's jurisdiction over MAS is under the FSIA. However, only in wrongful death cases does Section 1606 mandate that the law of the place of the event be applied. *See, Harris v. Polskie Linie Lotnicze*, 641 F.Supp. 94 (N.D. Cal.1986). As this case is not an action for wrongful death, that choice-of-law provision is not applicable.

Rather, the FSIA states that a defendant "shall be liable in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 1606. The U.S. Supreme Court has explained that this language calls for the application of forum law. *First National City Bank v. Banco Para El Comercio*, 462 U.S. 611, 622 n. 11, 103 S.Ct. 2591, 2598 n. 11, 77 L.Ed.2d 46 (1983) (explaining the rule but invoking federal law to resolve question of sovereign immunity); *accord, Skeen v. Federative Republic of Brazil*, 566 F.Supp. 1414, 1417 & n. 4 (applying state law to liability issue).

Therefore, when a foreign entity is sued under the FSIA, a federal court must apply the law of the forum, including the state's choice-of-law rules. California follows the so-called "governmental interest" test to resolve conflicts of law. *Hurtado v. Superior Court*, 11 Cal.3d 574, 581, 114 Cal. Rptr. 106, 522 P.2d 666 (1974). Under this approach, California law will be applied unless the foreign law conflicts and the foreign jurisdiction has significant interest in having its law applied. *S.A. Empresa v. Boeing Co.*, 641 F.2d 746, 749 (9th Cir. 1981).

MAS has not shown that Malaysian law conflicts with California law. And MAS has not submitted any showing of what Malaysian law would dictate in this case. This court is therefore unable to weigh the respective "governmental interests" of California and Malaysia. Since MAS bears the burden on this motion, the court must assume for purposes of this motion that California law will apply.[3]

### IV.

The court must consider the private interest factors, including the location of sources of evidence, the availability of compulsory process to obtain testimony from unwilling witnesses, the cost of obtaining testimony from willing witnesses, and other factors relating to the convenience of the parties. (See paragraph II. above.)

The record of this action indicates that the witnesses who negotiated the alleged security contract for MAS, and MAS's documents relating to those negotiations, are located in Malaysia. However, the Intel employees who negotiated the contract and Intel's documents are now located in California, and the witnesses and documents necessary to establish damages are also in this country. MAS has not identified the number of witnesses who would be inconvenienced by having to travel to this forum, nor has MAS given specifics regarding other sources of proof which it alleges are located outside this district. The court

---

**3.** MAS will not be precluded from arguing for the application of Malaysian law in later states of this action.

concludes that trial in this forum would be as convenient as Malaysia in regard to the location of the evidence.

Malaysian witnesses would be beyond the reach of this court's process. However, it appears that the only Malaysian witnesses needed for testimony are agents of the parties who are under their control.

Inconvenience to some witnesses appears inevitable, as some witnesses are located in Malaysia and some are in California. MAS has not made a particularized showing of the identity or number of witnesses who would be inconvenienced. And Intel's witnesses would be inconvenienced by trial in Malaysia. The convenience of witnesses is therefore not a reason to disturb the plaintiff's choice of forum.

MAS argues that a Malaysian forum would be more convenient for allowing the court to view the premises of MAS's cargo facility. But such a viewing would not resolve the basic issue of whether there was or was not a separate agreement for security service. And a viewing would not materially assist in deciding whether the agreement, if there was one, was breached.

MAS asserts that trial in this forum would prevent MAS from joining third party defendants who might be liable for the loss. But MAS has not identified any parties whom it seeks to join, and the investigation MAS conducted after the loss failed to find the responsible parties.

In short, MAS has not met its burden to show that the relevant private interest factors tip the balance toward Malaysia.

### V.

The public interest factors to be considered in a *forum non conveniens* inquiry include court congestion, the local interest in resolving local controversies, the preference for having a forum apply law with which it is familiar, the burden of jury duty, and other factors involving the court's administrative convenience.

MAS contends that court congestion will be reduced if this action is tried in Malaysia. Reduction of court congestion alone is not a factor to be given substantial weight. *Gates Learjet*, 743 F.2d at 1337. The Ninth Circuit has explained that this factor really involves a consideration of whether trial will be speedier in the alternative forum. *Id.* MAS has not made any showing of the relative congestion between this court and Malaysian courts.

As Malaysia was simply a transfer point for the shipment of Intel's chips from the Free Trade Zone to California, Malaysia does not appear to have a strong interest in resolving this dispute there. MAS's suggestion that Malaysia has an interest in this dispute to assure quality service by its government-run airline is simply too diffuse to be entitled to much weight in the *forum non conveniens* balance. The interests of California in protecting its high technology industry and in enforcing contracts made by its citizens are at least equally compelling.

While it is more convenient for a case to be tried in the forum whose law governs the dispute, that factor does not appear to be relevant in the present case. As discussed above, MAS has not demonstrated any conflict between Malaysian law and California law governing this dispute. This court initially intends to apply California law or the Warsaw Convention to resolve the dispute. If MAS establishes that Malaysian law should apply, this court will apply Malaysian law to the extent necessary.

MAS contends that certain Malaysian witnesses would need to testify through interpreters, but MAS does not identify any witnesses or indicate what language these witnesses speak. Intel, on the other hand, has demonstrated that most witnesses speak English and that all documents which have been produced are in English. Malaysia is a multilingual nation and MAS has not shown what language or languages are used in its court proceedings. The record leads this court to believe that Malaysian court proceedings may be conducted in English. At any rate, the burden is on MAS to establish such inconvenience, and this court gives limited weight to

MAS's conclusory statements of language difficulties that would accompany a trial in this forum.

MAS raises jury duty as a factor and argues that citizens of this district would be burdened by jury duty. But no jury has been requested in this action. And Malaysia, with its English legal heritage, may also provide for a jury trial.

### VI.

In conclusion, the court holds that MAS has not met its substantial burden to show inconvenience to itself or to the court sufficient to upset plaintiff's choice of the forum. The motion to dismiss is therefore denied.

IT IS FURTHER ORDERED that MAS's motion for summary judgment is set for hearing on February 27, 1987.

IT IS SO ORDERED.