94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ATTORNEYS TRUST, Plaintiff-Appellant,
and
CMC Magnetics Corporation aka CMC, a Republic of China
Corporation, Cross-defendant-Appellant,
v.
VIDEOTAPE COMPUTER PRODUCTS, INC., for itself & dba Video
Computer Products, Inc., Defendant-Appellee,
and
Videotape Products, Inc., Cross-claimant-Appellee.
 No. 95-55410.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1996.
Decided Aug. 20, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Attorneys Trust, assignee for collection, commenced this action against Videotape Products, Inc. (VTP) to collect a debt allegedly owed to CMC. VTP, in turn, cross-complained against CMC for breach of warranty in the sale of certain videotape housings. After the district court found in favor of VTP and entered judgment against AT and CMC, they appealed. They claim that the district court had no subject matter jurisdiction[1] and that it made a number of errors in deciding the merits of this case. We affirm.
 
 
 4
 (1) After the district court heard the evidence, it determined that CMC and VTP were doing business with each other, even when they chose to transact that business through intermediaries. That was a hotly contested issue, and the district court resolved it in VTP's favor. Upon review of the record, we cannot say that the district court's resolution was clearly erroneous. See Saltarelli v. Bob Baker Group Med. Trust, 35 F.3d 382, 384-85 (9th Cir.1994); see also Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir.1995) (special deference is paid to credibility findings), aff'd, --- U.S. ----, 116 S.Ct. 1813, 135 L.Ed.2d 113 (1986).
 
 
 5
 (2) AT next claims that jurisdiction was lacking because one of the intermediaries was an indispensable party. No doubt it is true that the question can be raised here for the first time. See, e.g., Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 109-13, 88 S.Ct. 733, 737-39, 19 L.Ed.2d 936 (1968). Moreover, if the intermediary were an indispensable party, dismissal could be the result. See Pit River Home & Agric. Coop. Ass'n v. United States, 30 F.3d 1088, 1098-99 (9th Cir.1994). However, this issue is simply of a piece with AT's first claim. Because, as the district court found, the intermediary was a mere go-between, it was neither a necessary nor an indispensable party. See Fed.R.Civ.P. 19. While testimony from the intermediary's principals might have been useful, that did not require that it be made a party to the case.
 
 
 6
 (3) The district court admitted evidence of loss of profits by VTP due to breaches of warranty by CMC and also admitted VTP's summaries of its own accounting records regarding the transactions which it claimed it had with CMC. We see no abuse of discretion in those evidentiary determinations. See City of Long Beach v. Standard Oil Co., 46 F.3d 929, 936 (9th Cir.1995). The business records were admissible as an exception to the hearsay rule. See Fed.R.Evid. 803(6). The fact that the records were generated internally does not affect that; business records often are. The best evidence rule does not preclude the use of business records, simply because the person who made them might be available to give direct testimony. That is not a best evidence rule concern. See Fed.R.Evid. 1002. Finally, summaries of voluminous documents are admissible under proper conditions. See Fed.R.Evid. 1006. Those conditions existed here. The records were both voluminous and were available for inspection.
 
 
 7
 (4) As yet another iteration of the issue that it lost on, CMC claims that VTP was not entitled to damages for breach of the warranty of merchantability because there was no direct relationship between the parties. Again, that claim falls with its premise. California does allow damages between parties who stand in the relationship of CMC and VTP. See Kennedy v. Baxter Healthcare Corp., 43 Cal.App. 4th 799, 810-11, 50 Cal.Rptr.2d 736, 743 (1996). CMC also disputes the amount of lost profits, but that award was based upon admissible summaries, see part (3) of this disposition, and upon the testimony presented by VTP. We cannot say that the district court clearly erred in its determinations.
 
 
 8
 (5) CMC's final attempt to avoid the district court's judgment consists of its assertion that the district court erred because it should have applied the United Nations Convention on Contracts for the International Sale of Goods. That would have led to the application of the law of Taiwan to this case, says CMC. However, this claim is too little too late. Assuming that Taiwan is a party to the Convention, "[a] party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice." Fed.R.Civ.P. 44.1. The failure to raise the issue results in application of the law of the forum, here California.[2] See Interpool Ltd. v. Char Yigh Marine (Panama) S.A., 890 F.2d 1453, 1458 (9th Cir.1989); Seattle Totems Hockey Club, Inc. v. National Hockey League, 783 F.2d 1347, 1355 n. 9 (9th Cir.1986), cert. denied, 479 U.S. 932, 107 S.Ct. 405, 93 L.Ed.2d 357 (1986); Montana Power Co. v. Public Util. Dist. No. 2, 587 F.2d 1019, 1022 n. 1 (9th Cir.1978); Commercial Ins. Co. v. Pacific-Peru Constr. Corp., 558 F.2d 948, 952 (9th Cir.1977). The parties cited only California law to the district court. Indeed, they cite only California law to us. The district court did not err.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We address that jurisdiction claim in an opinion filed this date. The other issues are addressed in this memorandum disposition
 
 
 [2]
 Under California's choice of law rules, a California court "will apply its own rule of decision unless a party litigant timely invokes the law of a foreign state." Hurtado v. Superior Court, 11 Cal.3d 574, 581, 522 P.2d 666, 670, 114 Cal.Rptr. 106, 110 (1974) (emphasis added)