125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shelly ROSS; Charles R. Ross, Plaintiffs-Appellants,
v.
UNITED TECHNOLOGIES CORPORATION, Lucas Western Inc.;
Applied Technologies Division; Western Gear
Corporation, Defendants-Appellees.
 No. 96-16580.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Sept. 17, 1997
Decided Oct. 9, 1997.
 
 Appeal from the United States District Court for the Northern District of California, Marilyn H. Patel, District Judge, Presiding; No. CV-96-00316-MHP.
 Before: KOZINSKI, MAYER,** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Ross (Ross), a minor resident of Washington, filed a wrongful death claim in federal court in California through his mother and guardian ad litem, Shelly Ross. The district court determined that Washington law applied and dismissed the complaint for failure to state a cause of action under Washington law. We affirm.
 
 
 3
 The true dispute in this case involves the application of California's conflicts rules to the standing to sue provisions of the Washington and California wrongful death statutes.[1] California applies the three-step "governmental interest" analysis to choice of law questions. See Hurtado v. Superior Court, 11 Cal.3d 574, 579-80, 522 P.2d 666, 669, 114 Cal.Rptr. 106, 109 (1974); Reich v. Purcell, 67 Cal.2d 551, 555, 432 P.2d 727, 730, 63 Cal.Rptr. 31, 34 (1967); see also McGhee v. Arabian American Oil Co., 871 F.2d 1412, 1422 (9th Cir.1989). When applying that test to laws that differ, we must determine whether there is a "true conflict." Liew v. Official Receiver & Liquidator, 685 F.2d 1192, 1196 (9th Cir.1982). Where "more than one law could be applied," but "only one state has any real interest in seeing its law applied," there is a "false conflict" and only the law of the interested forum should be applied. In re Aircrash in Bali, Indonesia, 684 F.2d 1301, 1307 (9th Cir.1982); see also Liew, 685 F.2d at 1198.
 
 
 4
 In Hurtado, the California Supreme Court gave extensive guidance on application of the governmental interest test in the wrongful death context. The court explained that, when determining if there is a true conflict, the court should "recognize the three distinct aspects of a cause of action for wrongful death," which are compensation for survivors, deterrence of conduct, and limitation, if any, on damages. Hurtado, 11 Cal.3d at 584, 522 P.2d at 672, 114 Cal.Rptr. at 112. The court stressed that "these three aspects of wrongful death must be carefully separated [and the] key step in this process is delineating the issue to be decided." Id., 522 P.2d at 672-73, 114 Cal.Rptr. at 112-13. In Hurtado, the only issue was limitation on damages, so the court did not analyze the first and second aspects. See also Bali, 684 F.2d at 1307. Nonetheless, the court noted that the first aspect of a wrongful death cause of action, compensation for survivors, "reflects the state's interest in providing for compensation and in determining the distribution of the proceeds, said interest extending only to local decedents and local beneficiaries." Hurtado, 11 Cal.3d at 584, 522 P.2d at 672, 114 Cal.Rptr. at 112.
 
 
 5
 In this case, the first aspect--compensation for survivors--is the relevant one, and the state with an interest in that is Washington, not California. Indeed, the complaint does not allege any true connection between Ross and California. See McGhee, 871 F.2d at 1423 (even former residence in California does not give the State an interest). Thus, "California's connection[ ] to the plaintiff[ ] in this case [is] insufficient to create an interest in applying California law" to the compensation part of Ross's tort claim. Id. at 1422.
 
 
 6
 Applying California's own statement that the interest in compensating wrongful death survivors is only local, we hold that the district court properly ruled that Washington, the home state of the Ross family, and not California, had an interest in having its law applied in this case. But under Washington law the cause of action for wrongful death rests solely in the personal representative of the decedent; no one else has it or can pursue it. See Wash. Rev. code § 4.20.010; Huntington, 101 Wash.2d at 469, 680 P.2d at 60. If the personal representative does not choose to, or does not think to, bring the action, there will be no compensation for anyone. See Huntington, 101 Wash.2d at 469, 680 P.2d at 60. That is Washington's choice regarding its local decedents and beneficiaries. It is a choice which is none of California's business. Thus, there is no true conflict, Ross has no cause of action, and he cannot sue. His complaint was properly dismissed.[2]
 
 
 7
 AFFIRMED.
 
 
 
 **
 Hon. H. Robert Mayer, United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In an attempt to avoid the inevitable, Ross extensively argues that the district court should have applied the California statute of limitations and tolling provisions to his case. His argument does no more than raise a red herring. If Ross is not "entitled to bring" a wrongful death action, see Huntington v. Samaritan Hosp., 101 Wash.2d 466, 469, 680 P.2d 58, 60 (1984), statutes of limitation are beside the point
 
 
 [2]
 We reject Ross's cursory assertions that the proper application of Hurtado by the district court somehow violated the Constitution. He cites no authority regarding equal protection, and only mentions it in a heading; therefore, we do not consider that issue. See Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1414 (9th Cir.1991). The full faith and credit clause does not require a federal district court sitting in diversity to always apply the substantive law of the forum state. See Hughes v. Fetter, 341 U.S. 609, 611-12 & n. 7, 71 S.Ct. 980, 982-83 & n. 7, 95 L.Ed. 1212 (1951). Similarly, there was obviously no due process violation here, where the federal district court took pains to apply the law of the state with the most contacts to Ross, his home state of Washington. See Home Ins. Co. v. Dick, 281 U.S. 397, 407-08, 50 S.Ct. 338, 341, 74 L.Ed. 926 (1930)