**NATIONAL UNION FIRE INSUR-ANCE COMPANY OF PITTS-BURGH, Plaintiff–Appellant,**

v.

**DASSAULT FALCON JET CORPO-RATION, Defendant–Appellee.**

No. 06–55691.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Jan. 11, 2008.

Peter P. Brotzen, Esq., Dwyer Daly Brotzen & Bruno, Los Angeles, CA, William G. Burd, Esq., Tew Cardenas, Miami, FL, for Plaintiff–Appellant.

Walter M. Yoka, Esq., Yoka & Smith, Los Angeles, CA, David J. Adams, Esq., Stephen P. Kenney, Esq., Pfeiffer & Adams, Chicago, IL, for Defendant–Appellee.

Before: T.G. NELSON, PAEZ, and BYBEE, Circuit Judges.

## MEMORANDUM *

National Union appeals the district court's grant of summary judgment in favor of Dassault, contending that the district court incorrectly resolved the choice-of-law issue with regard to its tort claims, and incorrectly granted summary judgment with regard to its implied warranty claim. The facts and procedural posture of the case are known to the parties, and we do not repeat them here.

California applies a three-step governmental interest analysis to choice-of-law questions.[1] *See Bernhard v. Harrah's Club,* 16 Cal.3d 313, 128 Cal.Rptr. 215, 546 P.2d 719, 721–23 (1976); *see also Aboga-*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. This court reviews a district court's grant of summary judgment *de novo. Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998). We review a district court's choice-of-law decision *de novo. Abogados v. AT&T, Inc.,* 223 F.3d 932, 934 (9th Cir.2000). In a diversity case, we must apply the forum state's choice-of-law analysis, here that of California. *See id.*

*dos,* 223 F.3d at 934. First, the court must examine the substantive law of each jurisdiction to determine whether the laws differ as applied to the relevant transaction. *Hurtado v. Super. Ct.,* 11 Cal.3d 574, 114 Cal.Rptr. 106, 522 P.2d 666, 669 (1974). Second, the court must determine whether each relevant jurisdiction has a legitimate interest in having its law applied to the present case. *Id.* Third, the court identifies and "appl[ies] the law of the state whose interest would be the more impaired if its law were not applied." *Bernhard,* 128 Cal.Rptr. 215, 546 P.2d at 723.

The laws of New Jersey, Ohio, and California, differ as applied to the relevant transaction here. All three states employ the economic loss rule, which bars tort recovery for economic damages caused by a defective product unless those losses are accompanied by personal injury or damage to property other than the defective product itself. Damage to the product itself is governed instead by the law of contracts. *KB Home v.Super. Ct.,* 112 Cal.App.4th 1076, 5 Cal.Rptr.3d 587, 590 (2003); *Alloway v. Gen. Marine Indus.,* 149 N.J. 620, 695 A.2d 264, 267–68 (1997); *HDM Flugservice GmbH v. Parker Hannifin Corp.,* 332 F.3d 1025, 1028–30 (6th Cir.2003) (explaining economic loss rule as applied in Ohio).

However, California differs from New Jersey and Ohio in that the "economic loss rule does not necessarily bar recovery in tort for damage that a defective product . . . causes to other portions of a larger product . . . into which the former has been incorporated." *Jimenez v.Super. Ct.,* 29 Cal.4th 473, 127 Cal.Rptr.2d 614, 58 P.3d 450, 457 (2002). Tort recovery is not barred if "the defective part is a sufficiently discrete element of the larger product that it is not reasonable to expect its failure invariably to damage other portions of the finished product." *KB Home,* 5 Cal.

Rptr.3d at 596–97. By contrast, New Jersey has articulated no similar invariable damage test. Rather, New Jersey courts have barred tort recovery as a matter of law in cases involving damage to a larger product caused by a component. *See Alloway,* 695 A.2d at 265, 275 (applying the economic loss rule to bar tort liability where an allegedly defective seam in the platform of a boat caused water to seep into the boat and sank it); *Spring Motors Distribs. Inc. v. Ford Motor Co.,* 98 N.J. 555, 489 A.2d 660, 662–63 (1985) (barring tort liability where a defect in transmissions, installed in commercial trucks, caused economic losses in the trucks); *Goldson v. Carver Boat Corp.,* 309 N.J.Super. 384, 707 A.2d 193, 199–200 (N.J.Super.Ct.App.Div.1998) (granting summary judgment under the economic loss rule where allegedly improper engine installation caused a fire that severely damaged a powerboat). Like New Jersey, Ohio law also holds that the economic loss rule precludes a tort claim for damage to a product caused by an allegedly defective component. *HDM,* 332 F.3d at 1030–31.

Under the second step of California's choice-of-law analysis only New Jersey and California have an interest in applying their respective laws to the present action. New Jersey has a strong interest in applying its law to this action in order to limit the New Jersey defendant's liability for economic losses. As the site of the accident, California has a legitimate, albeit limited, deterrence interest in applying its law to this action in order to minimize plane crashes at its airports. Ohio, however, has no interest in having its law applied to this action so as to protect a New Jersey company. *Cf. Hurtado,* 114 Cal. Rptr. 106, 522 P.2d at 670 (finding that Mexico has no interest in applying its defendant-protective rule where plaintiffs are the Mexican residents).

Under the final step of California's choice-of-law analysis, New Jersey's defendant-protective interest in applying its law to this action would be more impaired than California's. Since, under California law, Dassault could be held liable for economic losses if a jury somehow determined that the nose landing gear constituted separate property from the aircraft under the inevitable damage test, applying California law would frustrate New Jersey's goal of limiting the New Jersey defendant's liability. *Id.* By contrast, California's limited deterrence interest in promoting the safety of its airports would not be substantially impaired by applying New Jersey law to the case. Restricting product users to contract remedies where the only damage was economic harm to the product does not weaken the deterrence value of California's tort system. The district court properly concluded that New Jersey law should apply to this case.

Applying New Jersey law, the district court properly granted summary judgment to the defendants. National Union contends that the Supreme Court's admiralty law holding in *Saratoga Fishing Co. v. J.M. Martinac & Co.*, that equipment added to a ship after its original sale constitutes "other property" for which recovery is not barred by the economic loss rule, should prevent summary judgment. 520 U.S. 875, 877, 117 S.Ct. 1783, 138 L.Ed.2d 76 (1997). Under the above choice-of-law analysis, however, we must apply New Jersey law, not federal admiralty law.[2]

Summary judgment was also appropriate on the implied warranty claim. All three states with possible interests in this case, California, New Jersey, and Ohio, have enacted a version of the U.C.C.

statute of limitations for breach of implied warranty claims that provides that "an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." CAL. COM.CODE § 2725; N.J. STAT. ANN. § 12A:2–725; OHIO REV.CODE ANN. § 1302.98. A cause of action for breach of warranty accrues when tender of delivery is made. *Id.* Since Dassault tendered the aircraft in 2000 and National Union brought the suit in 2005, more than four years later, the breach of implied warranty claim is barred by the statute of limitations. Those facts were indisputable on the record before the district court, and fully supported the district court's summary judgment ruling.

The judgment of the district court is **AFFIRMED.**

---

**2.** National Union also argues, in its reply brief, that it is entitled to recover under an exception to the economic loss rule for "sudden and calamitous" product failure. We need not address this argument raised for the first time in a reply brief. *Cal. Pro–Life Council, Inc. v. Randolph*, 507 F.3d 1172, 1188 n. 20 (9th Cir.2007).