**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH R. FRANCIS, an individual, | No. 12-55858 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-09054-DSF-VBK |
| v. | |
| WYNN LAS VEGAS, LLC, a Nevada limited liability company, DBA Wynn Las Vegas; STEPHEN A. WYNN, an individual; BARBARA CONWAY, an individual, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 6, 2014
Pasadena, California

Before: SILVERMAN and HURWITZ, Circuit Judges, and VINSON, Senior District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable C. Roger Vinson, Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

In this diversity suit, defendants-appellants Wynn Las Vegas, LLC, Stephen A. Wynn, and Barbara Conway (collectively, "Wynn") appeal the denial of a special motion filed under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, to strike the complaint filed by plaintiff-appellee Joseph R. Francis. We affirm.

## 1. Applicability of California or Nevada anti-SLAPP law.

Francis argues that the Nevada anti-SLAPP statute, not California's, applies, and that this court therefore lacks jurisdiction. Because California's anti-SLAPP statute, Cal. Civ. Proc. Code §§ 425.16(b), (i), 904.1, provides a right to appeal the denial of a special motion to dismiss, we have treated such denials as final orders under 28 U.S.C. § 1291. *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir 2013). Nevada's statute, however, does not provide a right of appeal from the denial of a special motion to dismiss. Nev. Rev. Stat. §§ 41.660(1)(a), 41.650.

"When a federal court sits in diversity, it must look to the forum state's choice of law rules to determine the controlling substantive law." *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). California applies the "governmental interest analysis in resolving choice-of-law issues." *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 922 (Cal. 2006). Under this approach the court "evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were

2

subordinated to the policy of the other state." *Id.* at 922 (quotation marks and citation omitted).

California's anti-SLAPP statute applies here. California is both the domicile and selected forum of the putatively injured party, Francis. *See Kasel v. Remington Arms Co.*, 101 Cal. Rptr. 314, 330 (Ct. App. 1972). Further, applying Nevada's law would improperly limit California's expansive defendant-friendly policy. *See Bernhard v. Harrah's Club*, 546 P.2d 719, 724 (Cal. 1976). This court has jurisdiction.

## 2. Applicability of California or Nevada substantive law to Francis' claims.

Applying the California choice-of-law analysis, we agree with the district court that a California court would apply Nevada's substantive law[1] to determine whether Francis has put forth sufficient evidence to survive the anti-SLAPP statute's "summary-judgment-like procedure," *Taus v. Loftus*, 151 P.3d 1185, 1205 (Cal. 2007), on his claims against Wynn for malicious prosecution, abuse of process,

---

[1] Wynn argues that Francis is estopped from invoking Nevada substantive law because he sued in California. California, however, applies "its own rule of decision unless a party litigant timely invokes the law of a foreign state" and demonstrates that "the latter rule of decision will further the interest of the foreign state and therefore that it is an appropriate one for the forum to apply to the case before it." *Hurtado v. Super. Ct.*, 522 P.2d 666, 670 (Cal. 1974). Francis invoked Nevada law in response to Wynn's anti-SLAPP motion.

defamation, intentional infliction of emotional distress, and conspiracy. Cal. Civ. Proc. Code § 425.16(b)(1).

The "state with the 'predominant' interest" in applying its law "normally is the state in which [the underlying] conduct occurs." *Cable v. Sahara Tahoe Corp.*, 155 Cal. Rptr. 770, 777 (Ct. App. 1979). Here, as the district court noted, *all* of "the alleged criminal conduct took place in Nevada and the allegedly false criminal complaint was made by Nevada citizens in Nevada to a Nevada prosecutor." Thus, Nevada substantive law applies to Francis' claims.

### 3. Probability of prevailing -- malicious prosecution.

Under Nevada law, malicious prosecution requires: "(1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage." *Jordan v. Bailey*, 944 P.2d 828, 834 (Nev. 1997). Wynn does not dispute that the prior criminal proceedings terminated in Francis' favor or that Francis can establish damages.

There is substantial evidence to support Francis' position that there was no probable cause to initiate charges against Francis in connection with a marker he issued to the Wynn casino. A Nevada court, in dismissing criminal charges against Francis, explicitly held that "the State did not present 'slight' or 'marginal' evidence demonstrating Mr. Francis intended to take the marker out from the Wynn and not

4

repay his debt." *Nevada v. Francis*, No. C-11-270780-1 (Nev. Dist. Ct. filed Sept. 14, 2011). And, Francis has put forth some evidence of actual malice--a reasonable jury could infer malice from Wynn's filing a complaint stating that the casino had submitted Francis' marker within "30 days" as was its "normal course of business," when in fact it submitted the marker some sixteen months after execution. *See Pope v. Motel 6*, 114 P.3d 277, 284 (Nev. 2005) (holding that actual malice may be "proven by demonstrating that a statement is published . . . with reckless disregard for its veracity"). The district court correctly determined that Francis has made a sufficient showing on the malicious prosecution claim to defeat an anti-SLAPP motion.

## 4. Probability of prevailing -- other claims.

Francis' remaining claims can only succeed if Wynn's submission of the complaint to the Las Vegas police was not privileged. Under Nevada law, Wynn's action is privileged unless Francis can "prove by a preponderance of the evidence that the defendant abused the privilege by publishing the defamatory communication with actual malice." *Pope*, 114 P.3d at 283-84. Francis has come forward with evidence of actual malice and thus has "submit[ted] specific factual evidence demonstrating the existence of a genuine factual issue." *John v. Douglas*, 219 P.3d 1276, 1281 (Nev. 2009).

**AFFIRMED**.