McKinley TURNER, Appellant

v.

ROADWAY EXPRESS, INC., Allen Wayne Hill, and Nathaniel Jackson Jones, Appellees.

No. 2–94–258–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 9, 1995.

Rehearing Overruled Dec. 21, 1995.

Hooper, Evans & Kobs, L.L.P., and Jeffrey H. Kobs and Richard C. DeBerry, Fort Worth, Kerry H. Collins & Associates, and Kerry H. Collins, Fort Worth, for Appellant.

Littler, Mendelson, Fastiff, Tichy & Mathiason, and John F. McCarthy, Jr., M. Scott

McDonald and Ann Marie Painter, Dallas, for Appellee Roadway.

John B. McAdams, Fort Worth, for Appellees Hill and Jones.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION

CAYCE, Chief Justice.

This appeal arises from a take-nothing judgment entered after the jury returned a verdict against appellant, McKinley Turner, and in favor of appellees Roadway Express, Inc., Allen Wayne Hill, Nathaniel Jackson Jones, and Carson Doss[1] based on Turner's allegations of malicious prosecution, intentional infliction of emotional distress, and civil conspiracy. Turner raises five points of error complaining of the court's charge. In his first two points of error, Turner urges that the trial court abused its discretion in submitting the malicious prosecution question with an instruction, which he alleges defined the element of procurement only in terms of the giving of false information. In his third point of error, Turner challenges the trial court's definition of probable cause because it limited the jury's consideration to the events which occurred prior to the commencement of legal proceedings against Turner. In points of error four and five, Turner complains that the trial court abused its discretion in failing to define the term "recklessly" in the portion of the charge related to his claim for intentional infliction of emotional distress.

We overrule the points of error and affirm the judgment of the trial court.

The incident that forms the basis of this lawsuit occurred on July 1, 1990, when Hill and Jones, two Roadway employees, reported that Turner had stolen an electronic "bug zapper" from a Roadway terminal. At the time of the alleged theft, Turner was a veteran of the Fort Worth Police Department and had been employed by Roadway to provide temporary off-duty police security at the terminal. Based on Hill and Jones's report, the terminal manager contacted the Fort Worth Police Department's Internal Affairs Division and made a complaint. Following an investigation, Turner was arrested and later charged with a Class B misdemeanor of theft of property between $20 and $200, put on administrative leave for approximately two to three weeks, then suspended without pay from the Fort Worth Police Department. Turner was later acquitted of all charges in 1991.

■ Turner contends in points of error one and two that the trial court erred in submitting the following instruction because it improperly left the jury with a charge which defined procurement only in terms of giving false information and, therefore, did not allow the jury to find that the criminal prosecution was procured by other actions:

A defendant procures a criminal prosecution if his or its actions were enough to cause the prosecution, and but for his or its actions the prosecution would not have occurred. A defendant does not procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another, including a law enforcement official or the grand jury, unless the defendant provides information which he or it knows is false. A criminal prosecution may be procured by more than one defendant.

In *Browning–Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288 (Tex.1994), the Supreme Court of Texas addressed the importance of carefully defining the elements of malicious prosecution. The court analyzed a jury charge which required that for liability to attach, the defendant must "aid or cooperate in causing" a criminal prosecution to be commenced. *Id.* at 292. After a lengthy discussion, the supreme court held that this traditional instruction was incorrect and that a proper jury instruction on the causation element of malicious prosecution should inquire whether the defendant either "initiated" or "procured" criminal proceedings against the plaintiff. *Id.* at 293. The court then explicitly set forth how the term "procured" should

---

1. At the close of the evidence at trial, Doss, a defendant at trial, moved for, and was granted, a directed verdict from which Turner does not appeal.

be defined and specifically approved the following instruction:

A person procures a criminal prosecution if his actions were enough to cause the prosecution, and but for his actions the prosecution would not have occurred. A person does not procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another, including a law enforcement official or the grand jury, unless the person provides information which he knows is false. A criminal prosecution may be procured by more than one person.

*Id.* This instruction is virtually identical to the procurement instruction submitted to the jury in this case. However, Turner contends that the instruction approved in *Browning–Ferris* limits malicious prosecution to instances involving the giving of false information. We disagree.

One of the issues that the petitioner raised in *Browning–Ferris* was whether it is necessary for a person to have given law enforcement authorities false information in order to be held liable for malicious prosecution. Relying on comment g of the RESTATEMENT (SECOND) OF TORTS § 653 (1977),[2] the court expressly refused to limit liability for malicious prosecution to only those instances where the prosecution is based on false information. Rather, the court held that a person may be liable not only when a person gives information to a prosecutor that he or she knows is false, *but also* when the person's conduct is the determining factor in the prosecutor's decision to prosecute. *Browning–Ferris*, 881 S.W.2d at 294. The instruction submitted by the trial court in this case, as that approved by the supreme court in *Browning–Ferris*, properly permitted the jury to find malicious prosecution based on proof of either event.

Points of error one and two are overruled.

■ In point of error three, Turner complains that the trial court abused its discretion by including the following instruction in the charge:

It is the events prior to the institution of the proceedings which must be examined, and only those events, to determine if the defendant had probable cause to act.

Turner contends that this instruction harmed him because it constituted a comment by the court on the evidence, which specifically prevented the jury from considering the testimony at the criminal proceeding in which Turner was acquitted.

■ One element that a plaintiff must prove to establish a prima facie case of malicious prosecution is that the defendant had no probable cause for initiating or procuring the proceedings. *Ellis County State Bank v. Keever*, 888 S.W.2d 790, 801 (Tex.1994) (Hecht, J., concurring). A century ago, the Supreme Court of Texas stated in *Ramsey v. Arrott*, 64 Tex. 320 (1885) that, "[a]mong the very best definitions given of probable cause, the absence or want of which is essential in actions for malicious prosecution, is that by the supreme court of the United States in *Wheeler v. Nesbitt*, 24 How. [544], 545 [16 L.Ed. 765], and which is, 'the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted.' " *Id.* at 323; *see Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex.1983), *cert. denied*, 466 U.S. 938, 104 S.Ct. 1911, 80 L.Ed.2d 460 (1984). This is an objective standard that requires the jury to apply a reasonable person test to find no probable cause. *Akin*, 661 S.W.2d at 921.

In applying this standard, the jury is to examine only the events prior to the institution of the criminal proceedings to determine

**2.** The pertinent part of comment g states as follows:

If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information. In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, *was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false.*

RESTATEMENT (SECOND) OF TORTS § 653, cmt. g (1977) (emphasis supplied).

if probable cause existed. *Id.* at 920; *Marathon Oil Co. v. Salazar,* 682 S.W.2d 624, 628 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Events subsequent to the action of confinement and legal proceedings may tend to show whether the prosecution was correct or incorrect, or whether the defendant acted with malice, but they are immaterial to the beliefs and motives at the time the proceedings were instituted. *Akin,* 661 S.W.2d at 920. At least one appellate court has held that a malicious prosecution instruction that fails to inform the jury that probable cause depends on what the defendants knew *when they filed their complaint* constitutes reversible error. *See Marathon Oil Co.,* 682 S.W.2d at 628.

In the instant case, the trial court properly followed the law when it instructed the jury that in determining probable cause, they were to examine only those events that occurred prior to the institution of the proceedings against Turner. This instruction did not prevent the jury from considering occurrences after the institution of the criminal proceedings to determine the outcome of the proceedings or whether the appellees acted with malice. We, therefore, hold that the instruction was correct.

Point of error three is overruled.

In his last two points of error, Turner asserts that the trial court erred in refusing to define the term "recklessly" in the court's instructions on the issue of intentional infliction of emotional distress.

In *Twyman v. Twyman,* 855 S.W.2d 619 (Tex.1993), the Supreme Court of Texas adopted the tort of intentional infliction of emotional distress as set out in section 46(1) of the RESTATEMENT (SECOND) OF TORTS. *Twyman,* 855 S.W.2d at 621–22. The Restatement elements of intentional infliction of emotional distress are: 1) the defendant acted intentionally *or recklessly,* 2) the conduct was extreme and outrageous, 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the emotional distress suffered by the plaintiff was severe. *Id.* at 621; RESTATEMENT (SECOND) OF TORTS § 46(1) (1965). All of these elements were included in the trial court's charge in the instant case.

We hold that the trial court in this case was not required to define the word "recklessly" in the charge on the issue of intentional infliction of emotional distress. Trial courts must only define legal or technical terms in a charge. *State Dep't of Highways & Pub. Transp. v. Zachary,* 824 S.W.2d 813, 818 (Tex.App.—Beaumont 1992, writ denied); *see* TEX.R.CIV.P. 277. The term "reckless" has a commonly understood meaning that does not require any special legal or technical knowledge. *Cf. Green Tree Acceptance, Inc. v. Combs,* 745 S.W.2d 87, 90 (Tex. App.—San Antonio 1988, writ denied) (words "gross and willful misconduct" had ordinary meaning and did not require technical legal definition for jury to understand and use them in arriving at their verdict); *Holmes v. Holmes,* 588 S.W.2d 674, 675 (Tex.Civ.App.—Beaumont 1979, no writ) ("intentional" is a common term and its definition is unnecessary to enable jury to reach verdict). Therefore, the exercise of the trial court's discretion in electing not to provide a specific definition of the phrase "recklessly" did not constitute error requiring reversal.

Points of error four and five are overruled.

The judgment of the trial court is affirmed.