David A. HITE, an individual; Nordell International Resources Ltd., a Canadian corporation; International Veronex Resources Ltd, a Canadian corporation, Plaintiffs—Appellees,

v.

TRITON ENERGY LIMITED, a Delaware corporation; Triton Energy Corporation, a Texas corporation; Triton Indonesia, Inc., a Delaware corporation aka: Servocorp, Defendants—Appellants.

David A. Hite, an individual; Nordell International Resources Ltd., a Canadian corporation; International Veronex Resources Ltd, a Canadian corporation, Plaintiffs—Appellants,

v.

Triton Energy Limited, a Delaware corporation; Triton Energy Corporation, a Texas corporation; Triton Indonesia, Inc., a Delaware corporation aka: Servocorp, Defendants—Appellees,

and

DOES 1–500, inclusive, Defendants.

David A. Hite, an individual; Nordell International Resources Ltd., a Canadian corporation; International Veronex Resources Ltd, a Canadian corporation, Plaintiffs—Appellees,

v.

Triton Energy Limited, a Delaware corporation; Triton Energy Corporation, a Texas corporation; Triton Indonesia, Inc., a Delaware corporation aka: Servocorp, Defendants—Appellants.

Nos. 99–56975, 99–56997, 00–55502. D.C. No. CV–97–07146–MLR(CT).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2002.

Decided April 23, 2002.

As Amended on Denial of Rehearing June 5, 2002.

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

### MEMORANDUM *

Triton Energy Limited, Triton Energy Corporation, and Triton Indonesia Inc. (collectively, Triton), appeal from jury verdicts for David Hite (Hite) and International Veronex Resources, Limited (Veronex), in their malicious prosecution suit against Triton. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand to the district court.

## I.   The Judgment for Hite

We affirm the judgment of compensatory damages for Hite. However, we reverse the district court's decision to apply California punitive damages law and remand with instructions to apply Texas punitive damages law. We therefore leave in place our order staying the district court's order allowing Hite to withdraw funds from the court registry, until the district court enters an amended judgment.

### A.   Probable Cause

We disagree with Triton's argument that, under Texas malicious prosecution law, judicial determinations in the underlying lawsuit raise a presumption of probable cause. The Texas Supreme Court held in *Akin v. Dahl*[1] that "[i]t is the events prior to the institution of the proceedings which must be examined, and only those events, to determine if the defendants had probable cause to act."[2] The *Akin* court expressly rejected arguments that a probate judge's "initial determination" of Akin's lack of competency, and a trial court's "eventual adjudication" of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1.   661 S.W.2d 917 (Tex.1983).

2.   *Id.* at 920.

Akin's competency, were relevant to the question of probable cause in the underlying guardianship case.[3] Subsequent Texas cases have reaffirmed the *Akin* rule that all events subsequent to the filing of the allegedly malicious lawsuit, including judicial determinations in that suit, are irrelevant to the question of probable cause.[4] Accordingly, the district court did not err in denying Triton's motions to bifurcate and for summary judgment, in rejecting Triton's proposed probable cause jury instruction, and in excluding rulings from two other trial courts that the letter was a guarantee as a matter of law.

### B. Miscellaneous Assignments of Error

■ Triton's arguments that the district judge was biased, made many erroneous evidentiary rulings, and gave defective jury instructions are largely meritless. The vast majority of Triton's many assignments of error either were not error or resulted in no prejudice. Only two of Triton's arguments warrant further discussion.

The district court's admission of the Fifth Circuit ruling was probably erroneous under the *Akin* rule. In addition, the jury may have interpreted the court's instruction that the letter "unambiguously did not create a guarantee" as meaning

that no person could reasonably have construed the letter as a guarantee. Even if the district court did err, however, the errors were harmless.

The language of the letter is undisputed. The letter does not contain the word "guarantee," nor any synonym, and never even obliquely refers to any personal responsibility that Hite might have regarding Nordell's financial obligations. The "assurances" in the letter were unambiguously made in reference to Nordell's obligation to perform under the Enim agreements, and nothing more. In other words, as a matter of law, the letter could not reasonably have been interpreted as a personal guarantee by Hite. Accordingly, any error the district court may have made in admitting the Fifth Circuit ruling or in giving the "unambiguous" instruction was harmless.

### C. Punitive Damages

■ Hite's argument that Texas and California law do not conflict because his claim "accrued" before Texas "capped" its punitive damages law is meritless. The Texas rule has long been that a malicious prosecution claim accrues when the underlying action terminates in the favor of the claimant,[5] and Hite's lone case to the contrary is unpersuasive. Thus, Hite's claim

---

**3.** *Id.*

**4.** *See, e.g., Digby v. Texas Bank,* 943 S.W.2d 914, 920 (Tex.App.1997) ("After-the-fact judgments made by third parties cannot serve to confirm or deny the existence of probable cause.... [In *Akin,*] [t]he Supreme Court specifically disallowed the consideration of subsequent judicial findings in evaluating probable cause ...."); *see also Thrift v. Hubbard,* 974 S.W.2d 70, 79 (Tex.App.1998) (citing *Akin* and stating that the probable cause inquiry does not encompass "subsequent actions of third-parties or information discovered after" criminal proceedings began); *Turner v. Roadway Express, Inc.,* 911 S.W.2d 224,

226–27 (Tex.App.1995) (reciting and applying the *Akin* rule).

**5.** *See King v. Graham,* 47 S.W.3d 595, 604 (Tex.App.2001) (listing the elements of malicious prosecution, including the termination of the proceeding in favor of the plaintiff); *Leal v. American Nat'l Ins. Co.,* 928 S.W.2d 592, 596 (Tex.App.1996) ("Leal's malicious prosecution claims accrued upon the termination of the criminal prosecution."); *Sullivan v. O'Brien,* 85 S.W.2d 1106, 1115 (Tex. Civ.App.1935) ("A cause of action for malicious prosecution cannot accrue until the prosecution complained of has terminated favorably to the person prosecuted.").

accrued when the Fifth Circuit ruled in his favor, which was after the Texas punitive damages cap took effect. Texas and California law are therefore in conflict.

■ Under California choice of law rules,[6] a court does not apply the law of a state that has no interest in seeing its law applied.[7] California has "no interest whatsoever in the application" of its punitive damages law in this case,[8] because Triton's lawsuit was not wrongful under California malicious prosecution law.[9] On the other hand, Texas's interest in capping punitive damages [10] would be impaired by applying California law because the punitive damages award was almost ten times greater than the maximum allowable under Texas law.

The district court therefore erred in applying California punitive damages law. Accordingly, we reverse the punitive damages award and remand to the district court with instructions to apply Texas punitive damages law. For this reason, we also leave in place this court's order staying the district court order that authorized Hite to withdraw funds from the court registry in satisfaction of the judgment.

## II. The Judgment for Veronex

■ A required element of a Texas malicious prosecution claim is proof of "special injury" in the form of some physical interference with a party's person or property, such as arrest, attachment, injunction or sequestration.[11] The record contains no evidence of such injury to Veronex. Accordingly, we reverse the judgment for Veronex.

## III. The Dismissal of The Fourth and Eighth Causes of Action

■ Under the fourth cause of action, the complaint alleged that Nordell's right to an audit arose out of the arbitration agreement, not out of fraudulent conduct by Triton. Similarly, the eighth cause of action alleged that Nordell had a right to an accounting under the original joint venture agreements, not because of fraud on Triton's part. The district court therefore erred in dismissing the claims as collaterally estopped, because the fourth and eighth causes of action were based on matters not "actually litigated" previously.[12] In addition, it cannot be said that there are

---

6. California choice of law rules applied in this diversity case. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (federal court sitting in diversity applies forum state's choice of law rules); *Abogados v. AT & T, Inc.,* 223 F.3d 932, 934 (9th Cir.2000) (same).

7. *Hurtado v. Superior Court,* 11 Cal.3d 574, 580, 114 Cal.Rptr. 106, 522 P.2d 666 (1974) ("When one of two states related to a case has a legitimate interest in the application of its law and policy and the other has none, there is no real problem; clearly the law of the interested state should be applied." (internal quotation marks and citation omitted)).

8. *Id.* at 581, 114 Cal.Rptr. 106, 522 P.2d 666. California's interest in applying its punitive damages law is "to punish the defendant and to deter future misconduct by making an example of the defendant." *PPG Indus., Inc. v. Transamerica Ins. Co.,* 20 Cal.4th 310, 317, 84

Cal.Rptr.2d 455, 975 P.2d 652 (1999) (citing Cal. Civ.Code § 3294(a)).

9. California recognizes the probable cause presumption rule; Triton therefore had probable cause to sue Hite under California law.

10. "[P]rotect[ing] its residents from the imposition of [ ] excessive financial burdens." *Hurtado,* 11 Cal.3d at 581, 114 Cal.Rptr. 106, 522 P.2d 666; *see also I–Gotcha, Inc. v. McInnis,* 903 S.W.2d 829, 840 (Tex.App.1995) ("the punitive damages cap is used to help insure that punitive damages assessed are reasonably related to damages suffered.").

11. *Texas Beef Cattle Co. v. Green,* 921 S.W.2d 203, 208–09 (Tex.1996).

12. *In re Palmer,* 207 F.3d 566, 568–69 (9th Cir.2000) (stating that an issue must be "actually litigated" in the previous action before collateral estoppel applies).

no possible sets of facts that Hite could prove that would entitle him to relief under the fourth and eighth causes of action.[13] We therefore reverse the district court's dismissal of those claims and remand with instructions to grant Hite leave to amend the complaint.

IV. Conclusion

The judgment of compensatory damages for Hite is AFFIRMED; however, the district court's ruling that California punitive damages law applies to Hite's judgment is REVERSED and the case is REMANDED to the district court with instructions to apply Texas punitive damages law. Accordingly, we leave in place this court's order staying the district court order that allowed Hite to withdraw funds from the court registry until the district court enters an amended judgment, at which time the stay will automatically expire without further action by this court or application by the parties. Hite may withdraw no more than the amount explicitly set forth in the district court's original order, unless the district court modifies the order.

The judgment for Veronex is REVERSED.

The dismissal of the fourth and eighth causes of action is REVERSED and the case is REMANDED with instructions to the district court to grant Hite leave to amend the fourth and eighth causes of action in the complaint.

AFFIRMED in part, REVERSED in part, and REMANDED. No costs allowed.

---

13. *See Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001) ("Dismissal for failure to state a claim is appropriate if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' ") (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).