In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00003-CR
______________________________


TERRELL KINYON DAVIS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 21,856


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Terrell Kinyon Davis appeals from his conviction for aggravated assault with a deadly
weapon on LaKendra Jackson. In a companion case, he also appeals from his conviction for an
aggravated assault on her mother, Tevas Jackson. Davis was convicted on five separate charges in
the same trial: these two, and two other charges for a separate incident, and one charge for felon in
possession of a firearm. Because of the combined trial and the interweaving of contentions of error
between the various offenses, we have set out the evidence in detail in our opinion on his appeal in
cause number 06-05-00001-CR, and will cite only the separately relevant evidence in this opinion. 
In this opinion, we address his contentions of error as they apply individually to these convictions.
            Davis contends the evidence is legally and factually insufficient to support his conviction for
aggravated assault with a deadly weapon on LaKendra because the evidence does not prove he had
possession of the firearm.
            In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In reviewing the factual sufficiency of the evidence, we are required to determine
whether, considering all the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).
            This assault occurred September 15, 2003, at approximately 12:50 a.m. The evidence shows
that a man dressed in all black, carrying a gun, and wearing a black ski mask accosted a Church's
Chicken store manager, Tevas, after she had closed the business and gone home. He met her at her
car and ordered her back into her vehicle. She declined, and screamed. He hit her with the gun
while she continued to scream. LeKendra came out of the house and also saw the attacker. At that
point, the man ordered LaKendra back inside and then ran away. Two officers were responding to
a different call in the immediate area, heard Tevas screaming, and reached her immediately after the
assault. Two other officers arrived promply, set up a perimeter around the immediate area, and
began searching for the assailant. They heard a car alarm go off in a carport and saw an individual
dressed in black running away. Officer Adrian Guzman chased and caught Davis, and black gloves
and shirt were found along the route of the chase. Officers searched the carport and found a loaded
9mm pistol tucked behind a refrigerator on top of the motor. Officer Guzman testified that the
persons who lived at the residence told him that the weapon did not belong to them.
            The uncontroverted evidence about Davis' ultimate capture by police places him near the
location where the assaults occurred. There is evidence that he was the person seen running away
from an activated car alarm in a carport, that he was chased down and captured, that he was dressed
as described by the victims, and that the assault and arrest were extremely close in time. Both
victims testified that their attacker had a pistol in his hands during the attack and that they were
threatened by the attacker. 
            This evidence is legally and factually sufficient to allow the jury to conclude the State proved
his identity as the actor. We overrule the contentions of error.
            Davis also argues that the evidence is legally and factually insufficient to support the jury's
conclusion that he used a deadly weapon during the commission of the crime. Applying the
standards set out above, the evidence in this case included a silver automatic pistol, which had been
hidden behind a refrigerator in the carport from which Davis ran. Tevas testified the attacker had
a chrome pistol. Her daughter was not able to provide details about the appearance of the gun, but
did testify she (1) saw the man with a gun, (2) saw him hit her mother in the head with it, and (3) saw
him point it at her while threatening her.
            The jury was entitled to conclude that Davis had hidden the gun, especially in light of the
homeowners' denial that the pistol belonged to them, and in light of all the surrounding
circumstances. The fact that no fingerprints were found is not controlling, especially in light of the
evidence that the attacker was wearing gloves. The evidence is both legally and factually sufficient
to support the verdict.
 
 
 
 
 
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          September 27, 2005
Date Decided:             November 21, 2005

Do Not Publish



ops a plaintiff from
relitigating his or her guilt because "a valid guilty plea serves as a full and fair litigation of the facts
necessary to establish the elements of the crime." Johnston, 36 S.W.3d at 576 (citing State Farm
Fire & Cas. Co. v. Fullerton, 118 F.3d 374, 378 (5th Cir. 1997)). When the issue is identical to the
issue in the criminal case, because the plaintiff pleaded guilty, and because the determination of guilt
was a critical and necessary part of the criminal judgment, the issue cannot be litigated again. Dover,
859 S.W.2d at 450.

 In the present case, Delese pleaded guilty to robbery, i.e., intentionally or knowingly causing
bodily injury to Ray in the course of committing theft. Appellees provided a copy of the judgment
of conviction as part of the summary judgment proof. In pleading guilty, Delese testified that he was
pleading guilty because he was guilty and for no other reason, that he had no objections to the
stipulated testimony, that the stipulated testimony was true and correct, and that he admitted 
intentionally or knowingly causing Ray to fall and break her hip. 

 Delese asserts the alleged fraud as a bar against defendants' estoppel defense. In relation to
attacks on final judgments, only extrinsic fraud denies the losing litigant the opportunity to fully
litigate his or her rights or defenses at trial. See Montgomery v. Kennedy, 669 S.W.2d 309, 312 (Tex.
1984). The alleged perjury of a witness on a contested issue, which the opposing party had the
opportunity to refute, is intrinsic fraud, that which is inherent in the matter considered and
determined in the original action. Id. at 313. Such intrinsic fraud does not deny the litigant the full
and fair opportunity to litigate the issue and therefore does not bar collateral estoppel. 

 The fraud that Delese alleges is that statements given to the police were false. Delese
stipulated to the statements during his criminal proceedings. Although he alleges he could not
remember whether he shoved Graves, Delese had an opportunity to plead not guilty, to call
witnesses, to cross-examine witnesses, and have all of the protections afforded a defendant in a
criminal trial, including the requirement of evidence to prove his guilt beyond a reasonable doubt. 
He could have fully placed the burden on the State so the testimony against him could have been
fully developed. In other words, Delese had the opportunity to fully and fairly litigate the facts in
the case. He chose instead to plead guilty. His allegations of intrinsic fraud will not bar collateral
estoppel as to the issues decided by his criminal conviction.

 One of the elements required to sustain a suit for malicious prosecution is that the plaintiff
is innocent. One of the issues decided by the criminal proceeding was Delese's guilt. Because
collateral estoppel bars Delese from relitigating the issue of his guilt, Delese cannot maintain his suit
for malicious prosecution. Therefore, the Appellees established their right to judgment as a matter
of law, and summary judgment was appropriate. We need not consider the other grounds for
summary judgment raised in Appellees' motion.


 The judgment is affirmed.



 Ben Z. Grant

 Justice


Date Submitted: November 8, 2002

Date Decided: July 3, 2002


Publish
1. The indictment did not contain an allegation that Delese recklessly caused Ray's injury.
2. A malicious prosecution case can be based on proof of false information being given to law
enforcement authorities. Turner v. Roadway Express, Inc., 911 S.W.2d 224 (Tex. App.-Fort Worth
1995, writ denied); see also Browning-Ferris Indus., Inc. v. Lieck, 881 S.W.2d 288, 294 (Tex. 1994)
.